UNITED STATES of America ex rel. Roy NOEL, Petitioner,

v.

Dwayne A. CLARK, Respondent.

No. 98 C 8016.

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 9, 1999.

---

Roy Noel, Jacksonville, IL, pro se.

Courtney D. Carter, Chief of Criminal Appeals, Illinois Attorney General's Office, Chicago, IL, for Respondent.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Petitioner Roy Noel filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. Respondent Dwayne Clark moves to dismiss on the ground the petition is time-barred. For the reasons set forth below, the motion is denied.

*Background*

Following a jury trial in Cook County Circuit Court, Mr. Noel was convicted of murder and armed robbery in the (September 26, 1982) killing of Howard Rollins in Chicago. *People v. Noel,* 132 Ill.App.3d 1161, 98 Ill.Dec. 837, 494 N.E.2d 959 (1985). He was sentenced to concurrent terms of 40 years imprisonment for murder and 20 years for armed robbery. *Id.* at 1. Mr. Noel's conviction and sentence were affirmed by the Illinois Appellate Court on April 11, 1985, *id.* at 11, and he petitioned for leave to appeal to the Illinois Supreme Court. That petition was denied on October 2, 1985. (Resp't's Ex. B.) On October 26, 1987, Mr. Noel filed a state post-conviction petition. *People v. Noel,* 204 Ill.App.3d 1105, 174 Ill.Dec. 308, 598 N.E.2d 505 (1990). That petition was dismissed by the circuit court, and the Illinois Appellate Court affirmed. *Id.* at 2. Mr. Noel's petition for leave to appeal that decision was denied by the Illinois Supreme Court on February 6, 1991 (according to the supreme court clerk). On June 26, 1995, Mr. Noel filed a state habeas corpus petition. (Resp't's Ex. D.) Three months later (September 27, 1995), the petition was dismissed by the circuit court. (Resp't's Ex. E.) On August 20, 1997, the appellate court affirmed. *People v. Noel,* 291 Ill.App.3d 1121, 240 Ill.Dec. 285, 716 N.E.2d 879 (1997). Mr. Noel then had 21 days (until September 10, 1997) to petition for leave to appeal to the Illinois Supreme Court. Ill. Sup.Ct. R. 315(b). However, it was not until June 29, 1998, more than nine months later, that he sought permission to file a late petition for leave to appeal to the Illinois Supreme Court. (Resp't's Ex. G.) That request was granted (according to the supreme court clerk), and the petition for leave to appeal was filed on October 7, 1998. *Id.* About two months later (December 2, 1998) the supreme court denied leave to appeal. (Resp't's Ex. H.) Mr. Noel's federal habeas petition was filed about a week thereafter.

■ Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), there is a one-year statute of limitations for habeas petitions brought pursuant to Section 2254. 28 U.S.C. § 2244(d)(1). That statute applies to cases filed after April 24, 1996, the AEDPA enactment date. *Gendron v. United States*, 154 F.3d 672, 675 (7th Cir.1998), *cert. denied*, —— U.S. ——, 119 S.Ct. 1758, 143 L.Ed.2d 790 (1999). Mr. Noel's federal habeas petition was filed December 10, 1998, so the Section 2244(d) statute of limitations applies to him.

Under that statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Mr. Noel pursued direct review to the Illinois Supreme Court, which denied his petition for leave to appeal on October 2, 1985. Under United States Supreme Court Rule 13, he had 90 days to file a petition for writ of certiorari with the United States Supreme Court, but there is no indication he did so. Mr. Clark therefore contends the limitations period began to run for Mr. Noel on January 2, 1986, when the time expired for seeking Supreme Court review. (Mot. to Dismiss ¶ 8.) However, for Section 2254 petitions, the one-year limitations period does not begin to run until April 24, 1996, the AEDPA enactment date. *Gendron*, 154 F.3d at 675. Therefore, no time prior to that date may be counted against Mr. Noel. *See United States ex rel. Johnson v. Illinois*, No. 98 C 6523, 1999 WL 754688, at *2 (N.D.Ill. Sept. 10, 1999).

In addition, the statute is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). At the time the AEDPA was enacted, Mr. Noel had a properly filed state habeas corpus petition pending. That petition remained pending at least until August 20, 1997, when the appellate court affirmed its dismissal.

■ The limitations period is tolled, moreover, for the time during which a "properly filed application" is pending, and Mr. Noel's subsequent motion for leave to file a late petition for leave to appeal to the state supreme court was a properly filed application because " 'a properly filed application' is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3rd Cir.1998); *accord Dictado v. Ducharme*, 189 F.3d 889, 892 (9th Cir.1999); *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir.1999). The Third Circuit has reasoned that AEDPA was designed to minimize federal intrusions into state criminal law, so that "federal courts should not undermine the state's decision by refusing to toll the one-year period of limitation of § 2244(d)(1) .... Nor should we discourage petitioners from exhausting all their claims in state court.... where permissible under state law." *Id.* The state of Illinois allows motions like Mr. Noel's. It would be inappropriate to refuse to toll the limitations period in view of the state's policies as to post-conviction review. *But see United States ex rel. Morgan v. Gilmore*, 26 F.Supp.2d 1035, 1038 (N.D.Ill. 1998) (reaching opposite result); *United States ex rel. Jefferson v. Gilmore*, No. 98 C 3342, 1999 WL 261737, at *3 (N.D.Ill. April 19, 1999) (same).

[3] Accordingly, the limitations period began to run for Mr. Noel as of September 10, 1997, when the time expired for him to seek review in the Illinois Supreme Court of the decision on his state habeas petition, *see Gendron*, 154 F.3d at 674, but the clock stopped on June 29, 1998, when he sought permission to file a late petition, and remained stopped through December 2, 1998, when the state Supreme Court denied Mr. Noel leave to appeal. The limitations period ran therefore, for less than a one-year interval-a little less than ten months, to be more exact. Mr. Noel's

federal habeas petition thus is not time-barred under Section 2244(d). Mr. Clark's motion to dismiss Mr. Noel's § 2254 petition for writ of habeas corpus is DENIED.