

2000 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-25-2000

# Swartz v. Meyers

Precedential or Non-Precedential:

Docket 98-7282

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2000

## Recommended Citation

"Swartz v. Meyers" (2000). *2000 Decisions.* Paper 35.
http://digitalcommons.law.villanova.edu/thirdcircuit_2000/35

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2000 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed February 25, 2000

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 98-7282

DALE SWARTZ,
        Appellant

v.

MEYERS, Superintendent;
PENNSYLVANIA ATTORNEY GENERAL

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Civil Action No. 98-cv-00574
(Honorable Malcolm Muir)

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 1, 1999

Before: GREENBERG, SCIRICA and RENDELL,
Circuit Judges

(Filed February 25, 2000)

        THOMAS F. DORN, JR., ESQUIRE
        Sinins & Bross
        201 Washington Street
        Newark, New Jersey 07102

         Attorney for Appellant

        MARK S. SMITH, ESQUIRE
        RAY F. GRICAR, ESQUIRE
        Office of District Attorney
        Centre County Courthouse
        Bellefonte, Pennsylvania 16823

         Attorneys for Appellees

OPINION OF THE COURT

SCIRICA, Circuit Judge.

Dale Swartz appeals from the District Court's order dismissing as untimely his petition for a writ of habeas corpus pursuant to 28 U.S.C. S 2254. The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for the tolling of its one year period of limitation during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending ." See 28 U.S.C. S 2244(d)(2) (emphasis added). This appeal requires us to interpret the language "properly filed" and "pending." More specifically, we must decide whether a petition brought under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. SS 9541-9546, is "properly filed" and "pending" during the time between the Pennsylvania Superior Court's ruling and the expiration of time for seeking an allowance of appeal from the Pennsylvania Supreme Court when the petitioner did not file a timely request for allowance of appeal. We conclude that a PCRA petition is "properly filed" and"pending" during that time. Therefore, we hold that Swartz's petition was timely.

I. Background

In 1989, appellant Dale Swartz was sentenced to a term of imprisonment of ten to twenty years after pleading guilty to rape and involuntary deviate sexual intercourse. In 1990, the Pennsylvania Superior Court affirmed the trial court. Swartz did not seek allowance of appeal from the Pennsylvania Supreme Court.

In 1993, Swartz sought PCRA relief. On November 1, 1995, after an evidentiary hearing, the PCRA court denied relief. On November 29, 1995, Swartz filed an appeal. On April 24, 1996, while the appeal was pending in the Superior Court, AEDPA was signed into law. On October 18, 1996, the Superior Court affirmed the PCRA court.

Swartz did not file a timely petition for allowance of appeal in the Pennsylvania Supreme Court. But, on March 4, 1997, Swartz filed a "Motion for Permission to File Petition for Allowance of Appeal Nunc Pro Tunc." On May 2, 1997, the Pennsylvania Supreme Court denied his motion.

On October 29, 1997, Swartz filed a petition for a writ of habeas corpus under 28 U.S.C. S 2254. The District Court for the Eastern District of Pennsylvania transferred the petition to the District Court for the Middle District of Pennsylvania. There, the District Court read his petition as stating that his judgment became final on November 22, 1995. It found, therefore, that under Burns v. Morton, 134 F.3d 109 (3d Cir. 1998), Swartz had until one year from AEDPA's enactment (April 24, 1997) to file his habeas petition. Accordingly, it dismissed the petition as untimely without consideration of applicable tolling provisions.1

Swartz appealed and submitted an application for a certificate of appealability. We granted the certificate of appealability on: "whether Swartz's time to file a federal habeas corpus petition under 28 U.S.C. S 2244(d)(1) was tolled under 28 U.S.C. S 2244(d)(2), and, if so, on what date did the tolling period end." The District Court had jurisdiction under 28 U.S.C. S 2254(a). We have jurisdiction under 28 U.S.C. SS 1291, 2253. We exercise plenary review over the statute of limitations issue. See Jones v. Morton, 195 F.3d 153, 156 (3d Cir. 1999).

II. Discussion

AEDPA places a one-year period of limitation on all habeas petitions.2 See 28 U.S.C. S 2244(d). That period has

_____

1. It appears that the District Court may have misidentified some of the relevant dates, but in fairness, Swartz's habeas petition, especially the procedural history, is confusing and incomplete.

2. The relevant section of AEDPA codified at 28 U.S.C. S 2244(d) provides:

        (1) A 1-year period of limitation shall apply to a n application for a
        writ of habeas corpus by a person in custody pursuant to the
        judgment of a State court. The limitation period shall run from the
        latest of--

four potential starting points. See id. In this case, the applicable starting point is the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review, including the time for filing a writ of certiorari in the Supreme Court. See Morris v. Horn, 187 F.3d 333, 337 n. 1 (3d Cir. 1999); Kapral v. United States, 166 F.3d 565, 575, 577 (3d Cir. 1999).

Swartz's judgment became final well before AEDPA took effect. Consequently, he had at least one year from April 24, 1996 (the date AEDPA took effect) to file his petition for a writ of habeas corpus. See Burns, 134 F.3d at 111. Swartz filed his habeas petition on October 29, 1997. But, because his PCRA appeal to the Pennsylvania Superior Court was under review at the time AEDPA took effect, his petition was not necessarily untimely. The period of limitation was tolled from the date AEDPA took effect (April 24, 1996) until his "properly filed application" for state post-conviction relief was no longer "pending." See 28 U.S.C. S 2244(d)(2); Lovasz v. Vaughn, 134 F.3d 146, 149 (3d Cir. 1998). He

_____

     (A) the date on which the judgment becamefinal by the conclusion of direct review or the expiration of the time for seeking such review;

     (B) the date on which the impediment to fili ng an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

     (C) the date on which the constitutional right  asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

     (D) the date on which the factual predicate of  the claim or claims presented could have been discovered through the exercise of due diligence.

     (2) The time during which a properly filed appli cation for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

had one year from that date to file his federal habeas petition.

The question presented on appeal is what date was 831<!>Swartz's "properly filed" PCRA application no longer

"pending:" October 18, 1996 (the date the Pennsylvania Superior Court ruled dismissing his petition), November 18, 1996 (the date his time for seeking allowance of appeal in the Pennslvania Supreme Court expired), or on May 2, 1997 (the date the Pennsylvania Supreme Court denied his nunc pro tunc request for allowance of appeal). Swartz argues for May 2, 1997. The Commonwealth argues for October 18, 1996. But, we conclude that the proper reading of the statute favors the alternative date of November 18, 1996.

A. Does the period of limitation toll during the time between a court's ruling and the timely filing of an appeal or request for allowance of appeal?

As a starting point in our analysis we first look at whether a state post-conviction petition is "properly filed" and "pending" during the time between the date of one appellate court's decision and the petitioner'sfiling of a further appeal, thereby tolling the period of limitation. Several courts of appeals have considered this question and found that the period of limitation does toll during this time. See Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321 (10th Cir. 1999); see also Gaskins v. Duval, 183 F.3d 8 (1st Cir. 1999) (tolling the period of limitation, but noting that it would not have altered the disposition of the case); Guenther v. Holt, 173 F.3d 1328 (11th Cir.), cert. denied, ___ U.S. ___, 120 S.Ct. 811 (2000) (tolling the period of limitation although it did not affect the ultimate disposition). The holdings in Taylor , Nino, and Barnett are rooted in two principles. First,"a contrary construction would be antithetical to the entire theory of state remedy exhaustion and would inevitably lead to the filing of protective federal habeas petitions." Nino, 183 F.3d at 1005; see Taylor, 186 F.3d at 561 ("[W]e believe that tolling the entire period of state proceedings upholds `the principle of comity that underlies the exhaustion doctrine.' ") (brackets and citation omitted); Barnett, 167

5

F.3d at 1323 ("We conclude the term "pending" must be construed more broadly to encompass all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application."). Second, such a construction is consistent with the definition of the term "pending." See Nino, 183 F.3d at 1005-1006; Barnett, 167 F.3d at 1323.

For the reasons discussed in detail in those opinions, we find this view persuasive. Tolling the period of limitation between the time a state court denies post-conviction relief and the timely appeal or request for allowance of appeal is consistent with the plain meaning of the statutory language as well as the firmly rooted principle of state-remedy exhaustion. That being established, we turn to the ultimate issue in this appeal.

B. Does the period of limitation toll during the time between one appellate court's ruling and the deadline forfiling a timely request for allowance of appeal when a timely request for allowance of appeal is not filed?

To determine whether the period of limitation tolls when a timely PCRA appeal is not filed, we again need to ask whether the PCRA application is "properly filed" and "pending." However, whether the PCRA application was "properly filed" is not really an issue in this case. It is clear that Swartz's PCRA application was "properlyfiled."3 On November 1, 1995, the PCRA court denied Swartz's application. On November 29, 1995, Swartz appealed the

_____

3. In Lovasz, we addressed the meaning of"a properly filed application" which triggers the tolling mechanism of S 2244(d)(2). 134 F.3d at 148. We held that a " `properly filed application' is one submitted according to
the state's procedural requirements, such as the rules governing the time and place of filing." Id. It is not clear from the statute whether the
term "properly filed application" refers only to the initial PCRA application, or whether it also applies to all related applications for appeal. Nevertheless, even assuming arguendo that an untimely request for allowance of appeal is considered not "properly filed," that does not settle the issue of whether a previously filed application (or appeal) was "pending" during the time a petitioner could have sought review of the appellate court's decision.

PCRA court's decision. That appeal was denied by the Superior Court on October 18, 1996. The question is at what point after the Superior Court's decision did the appeal cease to be pending.

Thus, we turn our attention to the term "pending." "Pending" is not defined in the statute. Black's Law Dictionary, 6th ed. P. 1134 (1990) defines "pending" as,

> [b]egun, but not yet completed; during; before the conclusion of; prior to the completion of; unsettled; undetermined; in process of settlement or adjustment. Awaiting an occurrence or conclusion of action, period of continuance or indeterminacy. Thus, an action or suit is "pending" from its inception until the rendition of final judgment. An action is "pending" after it is commenced by either filing a complaint with the court or by the service of a summons. (emphasis added).

This definition reflects the term's common usage. See Deerwester v. Carter, 26 F.Supp.2d 1080, 1082 (C.D.Ill. 1998).

In Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999), we defined when a judgment becomes final for purposes of S 2255. We also took the opportunity to consider its meaning in the context of S 2244(d)(1).4 See id. at 574 n. 6, 575. We concluded a judgment becomesfinal after the time for seeking discretionary review expires, even when discretionary review is not sought. See id.  at 575, 577. Applying the Kapral definition for when a judgment becomes final, to the dictionary definition of"pending," leads to the conclusion that for purposes of S 2244(d)(2) "pending" includes the time for seeking discretionary

_____

4. Although the matter before the Court in Kapral technically required only the interpretation of what is a "final judgment" for purposes of S 2255, we addressed the meaning of "final judgment" as it pertains to S 2244(d)(1). See Kapral, 166 F.3d at 574, 575. It has become our custom when wading through AEDPA that when we interpret a provision which applies to federal prisoners, we will also consider a parallel provision which applies to state prisoners, and vice versa. See id. at 574 n. 6; Burns, 134 F.3d at 113. Since Kapral, we have applied the definition of "final judgment" announced in Kapral to S 2244(d)(1). See e.g. Morris, 187 F.3d at 337 n. 1.

review, whether or not discretionary review is sought. Thus, the time between when the Pennsylvania Superior Court ruled and the deadline for filing a timely request for allowance of appeal in the Pennsylvania Supreme Court should toll.5

This interpretation of S 2244(d)(2) also finds support in the principle of state-remedy exhaustion. In Mills v. Norris, 187 F.3d 881 (8th Cir. 1999), the Court of Appeals for the Eighth Circuit applied the principle of exhaustion to a somewhat similar factual scenario. Mills had filed a petition for post-conviction relief before the enactment of AEDPA. On August 15, 1996, the trial court denied his petition. Four days later Mills filed a notice of appeal with the Arkansas Supreme Court, but failed to file the record on appeal within the requisite ninety days as provided by Arkansas' procedural rules. The Arkansas Supreme Court took no action on the appeal. Then, on October 9, 1997, Mills filed a federal habeas petition. The issue before the Eighth Circuit was, in light of Mills' failure to perfect his appeal, on what date did his post-conviction relief motion cease "pending." See id. at 882, 884.

Mills argued that the period was tolled until the end of the 90 days to perfect his appeal. The State argued that the appeal was not pending because Mills failed to timely file the record on appeal as required by the appellate rules. After reviewing the principles of exhaustion and comity, the court concluded:

> In this case, if Mills had filed his federal petition during the ninety days following the filing of his notice to appeal to the Supreme Court of Arkansas, the

_____

5. We need not delve into the issue whether "pending" includes the time to file a petition for a writ of certiorari in the United States Supreme Court because that question is not presented by this appeal. Other courts have addressed this issue and found that the time does not toll. See Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999); Rhine v. Boone, 82 F.3d 1153, 1155 (10th Cir.), pet. for cert.filed, (U.S. October 4, 1999).
Their primary reason is that S 2244(d)(2) provides that the limitation period is tolled while a petitioner's State post-conviction remedies are pending and a certiorari petition is not part of the state post-conviction process. See Ott, 1999 WL 796160 at * 2.

8

> federal petition would surely have been dismissed for failure to exhaust state remedies, because there was still time to perfect his state appeal by filing the record with the Clerk of the Arkansas Supreme Court. That being so, we conclude the state postconviction appeal was `pending' for purposes of S 2244(d)(2) until at least November 17, 1996, the end of that ninety-day period. Thus, Mills timely filed his federal habeas petition on October 9, 1997.

Id. at 884.

We find these reasons convincing. If Swartz had attempted to seek federal habeas corpus relief while there was still time to seek allowance of appeal, the petition would automatically be dismissed for failure to exhaust state remedies. See 28 U.S.C. S 2254(c) (under AEDPA, a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the state to raise, by any available procedure, the question presented"); O'Sullivan v. Boerckel, ___ U.S. ___, ___, 119 S.Ct. 1728, 1734 (1999) (requiring petitioner to seek discretionary review from state's highest court to exhaust); Mills, 187 F.3d at 884.

We note that other courts of appeals have reached a similar conclusion. The Court of Appeals for the Fourth Circuit in Taylor stated that "underS 2244(d)(2) the entire period of state post-conviction proceedings, from the initial filing to the final disposition by the highest court (whether decision on the merits, denial of certiorari, or the expiration of the period of time to seek further appellate review), is tolled." Taylor, 186 F.3d at 561 (emphasis added) (dicta). Likewise, the Court of Appeals for the Second Circuit in Bennett v. Artuz, 199 F.3d 116 (2d Cir. 1999), relying on the principle of exhaustion, stated that "[w]e therefore hold that a state-court petition is `pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the state's particular procedures." Id. at 120 (dicta). We recognize that portions of these self proclaimed "holdings" in Bennett and Taylor are actually dicta. Nevertheless, it appears from the tenor of the opinions that those Courts employed broad language in interpreting S 2244(d)(2), possibly to instruct the District

9

Courts on the proper tolling procedures. See Bennett, 199 F.3d at 120 (stating that is has "determined the circumstances during which a state-court petition may be considered `pending.' "); Taylor, 186 F.2d at 561 (speaking in broad terms).

Several District Courts have also read S 2244(d)(2) to include the time for filing an appeal even when a timely appeal or request for allowance of appeal was notfiled, although without much discussion. In Cotto v. Price, No. Civ. A. 98-6479, 1999 WL 601129, at * 3 (E.D. Pa. Aug. 10, 1999) (unpublished), for example, the court concluded that a PCRA petition is pending until "the date on which the time for appealing the . . . denial of [the] PCRA petition expired." In that case, the petitioner did notfile a timely appeal of the PCRA court's ruling to the Pennsylvania Superior Court. Instead, he filed a petition for leave to appeal nunc pro tunc. In dismissing the petition as untimely, the District Court found that because the nunc pro tunc appeal was not properly filed it did not toll the limitation period, but nevertheless tolled the time during which the petitioner could have sought appellate review. See id.; see also United States ex rel. Noel v. Clark, 74 F.Supp.2d 800, 802 (N.D. Ill. 1999) (finding that the "limitations period began to run . . . when the time expired for him to seek review in the Illinois Supreme Court of the decision on his state habeas petition . . ."); United States ex rel. Morgan v. Gilmore, 26 F.Supp.2d 1035, 1038, 1039 (N.D. Ill. 1998) (where a petitioner failed to file timely appeal, limitation period began to run after the time petitioner could not longer seek timely appellate review); Neal v. Ahitow, 8 F.Supp.2d 1117, 1119-1120 (C.D. Ill. 1998) ("once a post-conviction relief petition is initially filed in State court then that petition is "pending" for purposes of section 2244(d)(2) as long as the state court or the state post-conviction procedures allow for review."); United States ex rel. Fernandez v. Washington, No. 98-C-1332, 1999 WL 688771 at * 4 (N.D. Ill. Mar. 30, 1999) (unpublished) (where late petition for leave to appeal is granted, time period tolls from time intermediate appellate court rules until the time for seeking review of that order expires, but not during the time the application for permission to file untimely appeal is pending); United States ex rel. Jefferson v. Gilmore, No.

10

98-C-3342, 1999 WL 261737 at * 3 n. 3 (N.D. Ill. Apr. 19, 1999) (unpublished) ("Jefferson's statute of limitation clock did not truly begin to run, however, until thirty days after the Illinois Appellate Court affirmed the Circuit Court's ruling [which denied Jefferson's post-conviction petition.]").

Without explanation or elaboration the Commonwealth argues that Swartz's PCRA application "concluded in state court" when the Superior Court ruled.6  We assume that the

_____

6. Although dicta in some opinions appear to support the government's view, those cases are readily distinguishable. See e.g. Barnett, 167 F.3d at 1332; Dreher v. Hargett, 172 F.3d 62 (10th Cir. 1999) (table); Hoggro v. Boone, 150 F.3d 1223, 1227 n.4 (10th Cir. 1998).

In Barnett, which was cited supra for the proposition that the time between the denial of a state PCRA application and the timely filing of a notice of appeal is tolled by S 2244(d)(2), the court concluded that the term "pending" "must be construed more broadly to encompass all of the time during which a state prisoner is attempting, though proper use of state court procedures, to exhaust state court remedies." Barnett, 167 F.3d at 1323. Under that rule, Swartz's time forfiling a habeas petition arguably should not be tolled because when he failed to file a timely appeal he was not "through the proper use of state-court procedures[ ] [attempting] to exhaust state court remedies." But, unlike the Bennett and Taylor courts, there is no indication in the Barnett court's opinion that it considered whether the time for filing an appeal should be tolled when the petitioner failed to file a timely appeal. Certainly, the time period for filing an appeal is included in the"proper use of state court procedure." Moreover, there was no need for the court in Barnett to consider that issue under the facts of that case.

Similarly, in Hoggro v. Boone, 150 F.3d 1223, 1227 n.4 (10th Cir. 1998), the Court of Appeals for the Tenth Circuit stated in dicta that the court may not count the additional time during which a petitioner "appealed the denial of his application for state post-conviction relief if
that appeal was untimely. Section 2244(d)(2) requires a court to subtract the time only for the period when a petitioner's`properly filed' post-conviction application is being pursued." Id.  (citation omitted). It is unclear from the quoted language whether the court's dicta was focused on only the time the court spent deliberating over an untimely appeal or also the time during which appeal could have been sought. We read it as applying to only the former and agree that the time during which Swartz's nunc pro tunc request for allowance of appeal was pending does not toll the statute of limitation. Nevertheless, even though Swartz's properly filed PCRA petition was not "pending" for S 2244(d)(2) purposes

11

Commonwealth contends the word "pending" should be
read to include only the time when a court is actively
considering a PCRA application or an appeal from the
denial of PCRA relief; therefore, there is no application
"pending" during the time which a petitioner could have,
but did not seek appellate review.

This reading of S 2244(d)(2) is problematic. We cannot
reconcile it with our view that the period of limitation is
tolled when a timely appeal is filed. If an application for
post-conviction relief is "pending" only when it is being
actively reviewed by a court, then the time between when a
court rules and a timely appeal or request for allowance of
appeal is filed should never toll because there is nothing
actively before the court. For the reasons already set forth,
reading the word "pending" to discount the time between a
lower court's ruling and a timely appeal would not be a
sensible construction of S 2244(d)(2). See Taylor, 186 F.3d
at 561(rejecting a theory that the period of limitation does
not toll during the time between a court's ruling and the
timely filing of an appeal); Nino, 183 F.3d at 1005-1006
(broadly defining the word "pending" to include the time
between a court's ruling and timely filing of an appeal);
Barnett; 167 F.3d at 1323 (same). Because we believe the
term "pending" must include the time between a court's
ruling and the timely filing of an appeal, we also believe
"pending" must include the time during which an appeal
could be filed even if the appeal is not eventually filed.

_____

during the time his nunc pro tunc request for allowance of appeal was
pending, the question of whether S 2244(d)(2)'s tolling period includes
the time in which he could have filed a timely request for allowance of
appeal still remains. Even if the quoted language is broader and includes
the time during which appeal could have been sought, it is dicta. The
Hoggro court had no need to reach that conclusion as the habeas
petition was timely as a result of the tolling of the limitation period
between the time the prisoner filed for post-conviction relief and the
time
the state district court denied the application. Id. at 1226-1227.

We also note that we have found at least one example of a court that
has stopped tolling at the time of a lower court's order when no timely
appeal was taken. See Dreher, supra. But, it did so without
consideration of the issues presented on this appeal. Moreover, its
decision to stop tolling at that time had no effect on the outcome.

12

Furthermore, the Commonwealth's view would require a prisoner to file a request for allowance of appeal as a matter of course in order to protect a future habeas petition from the statute of limitation. This could lead to needless petitions for allowance of appeal in the State's highest court.7

III. Conclusion

We hold that the interpretation of S 2244(d)(2) that best comports with the language of S 2244(d)(2), the principles of exhaustion, and the prevailing view that the statute of limitation should toll between the time a court rules and the petitioner timely appeals that ruling, is that the period of limitation tolls during the time a prisoner has to seek review of the Pennsylvania Superior Court's decision whether or not review is actually sought. Swartz's petition filed on October 29, 1997 was timely because it was filed within one year of November 18, 1996 (the expiration of time to seek appellate review). The District Court's judgment will be vacated and the case remanded so that the District Court can consider whether the claims are procedurally defaulted and, if so, whether Swartz can demonstrate "cause and prejudice" for any default.

A True Copy:
Teste:

     Clerk of the United States Court of Appeals
     for the Third Circuit

_____

7. Swartz makes additional arguments: that the one year statute of limitation should toll from the time the Pennsylvania Superior Court ruled until the time the Pennsylvania Supreme Court rejected his request for allowance of appeal nunc pro tunc; that the one-year period should toll while his request for permission tofile a timely appeal was actually before the court; and the one-year period should be equitably tolled under Miller v. New Jersey State Dep't of Corr., 145 F.3d 616 (3d Cir. 1998). As noted, we read S 2244(d)(2) as tolling the statute of limitation during the time Swartz could have sought allowance of appeal. Therefore, Swartz's habeas petition is timely, so we need not consider these arguments.

13