

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-8-2007

# Gleeson v. Prevoznik

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4969

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Gleeson v. Prevoznik" (2007). *2007 Decisions.* Paper 241.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/241

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-4969
_____

MICHAEL F. GLEESON,

Appellant,

v.

JOHN C. PREVOZNIK

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 03-cv-0552)
District Judge: Honorable Thomas J. Vanaskie

Submitted Under Third Circuit LAR 34.1(a)
October 26, 2007

Before: SLOVITER, CHAGARES, and HARDIMAN, <u>Circuit Judges</u>.

(Filed:  November 8, 2007)

_____

OPINION OF THE COURT
_____

CHAGARES, Circuit Judge.

Plaintiff appellant Dr. Michael F. Gleeson appeals the District Court's decision dismissing his unlawful search and seizure and related civil conspiracy claims as time-barred. The District Court granted defendant assistant district attorney John C. Prevoznik's motion in limine, challenging the timeliness of Gleeson's claims, and denied Gleeson's motion to strike the limitations defense. In this appeal, Gleeson argues that Prevoznik's assertion of the affirmative defense of statute of limitations was untimely, and the "discovery rule" tolled any statute of limitations defense. We disagree and will affirm the District Court's decision.

I.

As we write only for the parties, we do not set out the facts in great detail. Beginning in 1999, Gleeson, a medical doctor licensed to practice in Pennsylvania, started performing trans-umbilical breast augmentation surgery, which he advertised in newspapers in Monroe and Lackawanna counties. Gleeson consulted with Dr. Robert Grafton, a board certified medical doctor licensed in Michigan but not Pennsylvania, regarding the surgeries, and paid Grafton for his assistance. In May 1999, a local Pennsylvania television station filmed portions of the surgery that Dr. Gleeson and Dr. Grafton performed on a patient.

Detective Michael Robson of the Pocono Mountain Regional Police Department investigated whether the law had been violated, and Prevoznik was assigned as the assistant district attorney. In November 2000, Robson obtained

2

search warrants for Gleeson's three medical offices. Robson served as the affiant for the Affidavits of Probable Cause and other paperwork for the warrants, and Prevoznik assisted with drafting the language for the warrants.

In spring 2001, Robson and Prevoznik drafted a criminal complaint and affidavit of probable cause, which Detective Robson submitted to a district justice, who issued an arrest warrant for Gleeson. The criminal complaint contained over 400 charges, including unauthorized practice of medicine and surgery, theft by deception, and deceptive or fraudulent business practices.

The Commonwealth withdrew the charges against Gleeson in August 2001. Gleeson filed an action against Detective Robson and others on October 1, 2002, asserting, *inter alia*, unlawful search and seizure and malicious prosecution. The complaint did not, however, name Prevoznik as a defendant.

On April 1, 2003, Gleeson brought this action against Prevoznik, asserting that he had acted with Robson to acquire the search warrants and file criminal charges. Prevoznik filed a motion to dismiss on May 29, 2003, arguing that the action was barred either by qualified immunity or absolute immunity. The motion did not challenge the timeliness of Gleeson's claims.

In July 2003, the District Court conducted a case management conference and directed the parties to file supplemental briefs on the immunity issues raised in the motion to dismiss. The District Court allowed discovery to proceed while the motion to dismiss was pending. Prevoznik was a witness in the first action that

Gleeson had filed against Robson and others, and the claims in the case against Prevoznik were similar to the claims in the case against Robson.

Gleeson moved for partial summary judgment in February 2004, arguing that there was no probable cause for the charges filed against him. In March 2004, Prevoznik moved for summary judgment, even though the motion to dismiss was still pending, reasserting the immunity defenses and claiming that as a matter of law there was probable cause for the charges.

On May 6, 2005, the District Court issued an opinion addressing the summary judgment motions in this case and in the case against Robson. The District Court granted Prevoznik summary judgment with respect to Gleeson's civil rights malicious prosecution and intentional tort claims. The District Court did not, however, grant Prevoznik summary judgment with respect to Gleeson's unlawful search claim, finding a genuine issue of material fact as to the defense of qualified immunity.

After ruling on the immunity issues in the summary judgment context, the District Court dismissed Prevoznik's motion to dismiss as moot. Prevoznik was then required, under the Federal Rules of Civil Procedure, to file an answer to the complaint by May 20, 2005, ten business days from the time the motion was dismissed. On May 19, 2005, the day before the answer to the complaint was due, Prevoznik filed an appeal, and Gleeson cross-appealed. The litigation in the District Court was stayed pending the outcome of the appeals.

On July 24, 2006, this Court affirmed the District Court's May 6, 2005 decision, and on August 21, 2006 the District Court issued an order setting a trial date of November 6, 2006, for both this action and the action against Robson. The District Court directed the parties to file motions in limine by September 22, 2006.

Prevoznik filed his answer to the complaint on September 6, 2006, raising the bar of the statute of limitations, among other issues. In the answer, Prevoznik noted that any remaining claims against him related to matters that had occurred on or before November 15, 2000, and the two-year statute of limitations expired on those claims before this action was brought on April 1, 2003. Prevoznik then filed a motion in limine on September 22, 2006, in which he again raised the bar of the statute of limitations and requested an order "precluding introduction of any evidence for acts prior to April 2001." Appendix (App.) 141. Prevoznik argued that by filing suit on April 1, 2003, Gleeson only preserved claims relating to the period after April 1, 2001. Because the alleged unlawful searches occurred in November 2000, Prevoznik concluded that "[n]o claims may properly be stated against Prevoznik for acts he took in preparing documents to obtain search warrants for the search of Gleeson's medical offices." App. 142.

On September 26, 2006, Gleeson moved to strike the statute of limitations defense on the ground that Prevoznik had waived the defense by failing to raise it in either his motion to dismiss or motion for summary judgment. Gleeson argued in the alternative that he could not have known about Prevoznik's involvement in

5

the case at the time his offices were searched.  On November 2, 2006, the District Court denied Gleeson's motion and granted Prevoznik's, dismissing the remaining claims against Prevoznik.  This appeal followed.

## II.

We have jurisdiction over the District Court's final order pursuant to 28 U.S.C. § 1291.  The District Court had jurisdiction over the case pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343 and 1367.  We have plenary review where an appeal "involves the selection, interpretation, and application of legal precepts."  Westinghouse Electric Corp. v. Franklin, 993 F.2d 349, 352 (3d Cir. 1993) (quotation marks omitted); see also Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (explaining in the context of a habeas petition that we have plenary review when a case is dismissed as time-barred).  The District Court's "interpretation of applicable tolling principles and its conclusion that the facts prevented a tolling of the statute of limitations" are also subject to plenary review. Lake v. Arnold, 232 F.3d 360, 365 (3d Cir. 2000).

Rule 12(b) of the Federal Rules of Civil Procedure requires that a defendant plead an affirmative defense, such as a statute of limitations defense, in his answer to the complaint.  Fed. R. Civ. P. 12(b); see also Fed. R. Civ. P. 8(c).  The reason for this requirement is "to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed."  Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir.

6

2002).  This Court, however, also allows the statute of limitations defense to be raised in a motion to dismiss, "if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."  Id. at 135 (quotations marks omitted).  Affirmative defenses, including a statute of limitations defense, must generally be raised "as early as reasonably possible."  Id. at 135-36.

III.

Gleeson argues that Prevoznik waived his statute of limitations defense by failing to raise it in either his motion to dismiss or his motion for summary judgment.  Gleeson contends that because Prevoznik raised his statute of limitations defense two months before trial and three and a half years after the complaint was filed against him, his actions were "entirely inconsistent with the purpose of Rule 8(c) which requires all affirmative defenses to be raised as early as practicable so as to avoid prejudice and promote judicial economy."  Appellant Br. at 14.  According to Gleeson, Prevoznik "wasted precious legal and judicial resources," given that the parties had completed discovery and argued summary judgment motions and interlocutory appeals.  Id. at 15.

Yet, as the District Court correctly explained, "Prevoznik asserted the limitations defense in his initial responsive pleading to the Complaint.  That the initial responsive pleading was not due until August 29, 2006 is not the fault of Prevoznik."  App. 12.  The complicated procedural posture of this case, and the

7

various interlocutory appeals and related proceedings, resulted in this unusual timing.

Prevoznik was not required to file the answer until ten days after the District Court decided his motion to dismiss on May 6, 2005. When Prevoznik filed an appeal on May 19, 2005, one day before the answer was due, the requirement that he file an answer was suspended. Timely filing of a notice of appeal conferred jurisdiction on this Court and divested the District Court of control of the case. Venen v. Sweet, 758 F.2d 117, 120 (3d Cir. 1985). This Court maintained jurisdiction until the mandate was issued on August 15, 2006. See United States v. Jerry, 487 F.2d 600, 607 (3d Cir. 1973). The District Court concluded that the ten-day period for filing an answer started anew on the date of the mandate and determined that the answer to the complaint was therefore due on August 29, 2006. Although Prevoznik did not file his answer until September 6, 2006, eight days later, we hold that the District Court correctly determined that the delay did not compel a finding of waiver. See Eddy v. V.I. Water & Power Auth., 256 F.3d 204, 209 (3d Cir. 2001) (noting that failure to assert an affirmative defense in an appropriate responsive pleading does not automatically result in a waiver).

In addition, as the District Court correctly noted, Gleeson cannot show that he suffered prejudice because Prevoznik did not raise the limitations defense until the filing of the answer. Gleeson did not spend significant additional resources as

8

discovery in this case was related to discovery in the other ongoing action against Robson. Moreover, the record does not support a finding that Prevoznik delayed asserting the limitations defense for tactical reasons or acted in bad faith. Finally, although Prevoznik filed his answer eight days late, Gleeson did not suffer prejudice from this delay. We therefore conclude that the defense was not waived. See Long v. Wilson, 393 F.3d 390, 396-401 (3d Cir. 2004) (holding that the Commonwealth did not waive the statute of limitations defense by failing to raise it in its answer to a habeas petition and allowing the Commonwealth to raise the defense in a supplemental pleading 14 months after the petition was filed where delay did not cause prejudice).

## IV.

In the alternative, Gleeson argues that his claims against Prevoznik were, in fact, timely because the "discovery rule" tolls any statute of limitations defense. Under Pennsylvania's "discovery rule," the statute of limitations is tolled until the injured party "knows, or in the exercise of reasonable diligence should have known, (1) that he has been injured, and (2) that his injury has been caused by another's conduct." Haines v. Jones, 830 A.2d 579, 585 (Pa. Super. Ct. 2003) (quotation marks omitted); see also O'Brien v. Eli Lilly & Co., 668 F.2d 704, 711 (3d Cir. 1981). Gleeson does not dispute that the cause of action for the alleged unlawful search of Gleeson's medical offices accrued when the searches were conducted on November 15, 2000 and that a two-year statute of limitations applies

9

to the unlawful search claims.  Lake, 232 F.3d at 368-69.  Rather, he contends that the "discovery rule" exception to the two year statute of limitations should apply because he did not learn of Prevoznik's involvement in the alleged unlawful searches and accompanying paperwork until Robson's deposition on March 24, 2003, and he filed a complaint against Prevoznik one week later.

This argument is unpersuasive.  The "discovery rule" does not apply where, as here, plaintiff could reasonably have discovered Prevoznik's identity and named him in the complaint.  The "discovery rule" requires that a plaintiff "exercise a reasonable amount of diligence and vigilance when pursuing a claim." Id. at 367.  In addition, we have previously explained that "[t]here are very few facts which diligence cannot discover, but there must be some reason to awaken inquiry and direct diligence in the channel in which it would be successful.  This is what is meant by reasonable diligence."  Vernau v. Vic's Mkt., Inc., 896 F.2d 43, 46 (3d Cir. 1990).  As Prevoznik notes, Gleeson knew both of the injury and its cause at the time it accrued, and if he had been reasonably diligent, he could have identified the defendant or listed additional "John Doe" defendants, while engaging in further discovery.[1]

---

[1]The District Court concluded that the discovery rule did not toll the limitations period because Gleeson's counsel at the final pre-trial conference "conceded that, unless waived, the statute of limitations defense bars recovery against Prevoznik with respect to the unlawful search and related conspiracy claims."  App. 9.  Given our determination that Gleeson's attempt to invoke the "discovery rule" is without merit, we need not address this conclusion.

V.

For all of the foregoing reasons, we will affirm the District Court's decision in all respects.