■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSIE M. SMITH, Also Known as ROSIE M. BERRY, Appellant. [682 NYS2d 888] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered October 2, 1996, convicting her of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and sentencing her to an indeterminate term of $12^{1}/_{2}$ to 25 years imprisonment under count one of the indictment charging criminal sale of a controlled substance in the third degree and an indeterminate term of $12^{1}/_{2}$ to 25 years imprisonment under count two of the indictment charging criminal possession of a controlled substance in the third degree, which sentences were to run concurrently, and an indeterminate term of $12^{1}/_{2}$ to 25 years imprisonment under count three of the indictment charging criminal sale of a controlled substance in the third degree and an indeterminate term of $12^{1}/_{2}$ to 25 years imprisonment under count four of the indictment charging criminal possession of a controlled substance in the third degree, which sentences were to run concurrently to one another and consecutively to the sentences imposed under counts one and two of the indictment.

Ordered that the judgment is modified, as a matter of discre-

tion in the interest of justice, by making the terms of imprisonment imposed on the defendant's convictions under counts three and four of the indictment run concurrently to the terms of imprisonment imposed on the defendant's convictions under counts one and two of the indictment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The sentence was excessive to the extent indicated.

The defendant's remaining contentions are without merit. Bracken, J. P., Copertino, Thompson and McGinity, JJ., concur.