Rosie **SMITH**, Petitioner,

v.

Elaine **LORD**, Superintendent, Bedford Hills Correctional Facility, Respondent.

No. CV 02–1475(ADS).

United States District Court, E.D. New York.

Nov. 12, 2002.

Rosie Smith, Bedford Hills, NY, Petitioner Pro Se.

Thomas J. Spota, District Attorney, Suffolk County, Riverhead, NY, for the Respondent.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Rosie Smith ("Smith" or the "petitioner") by a petition dated February 28, 2002, and filed on March 6, 2002, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In papers dated May 9, 2002, the respondent seeks dismissal of the petition as untimely.

## I. BACKGROUND

On October 2, 1996, a judgment was entered in the County Court, Suffolk County (Vaughn, J.), convicting the petitioner, after a jury trial, of two counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39(1), class "B" felonies) and two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16(1), class "B" felonies) sentencing her to four terms of incarceration of 12½ to 25 years on each of the counts. The periods of

incarceration imposed were ordered to run concurrently as to each sale/possession pair with each of the two pairs to run consecutive to the other. Smith is currently serving her sentence.

On August 18, 1998, the petitioner's appellate counsel perfected her appeal to the Appellate Division, Second Department by filing a brief in that court. Counsel raised the following issues in her appellate brief: (1) the sentences imposed upon her were unduly harsh and excessive and should be modified as a matter of discretion in the interest of justice; (2) the imposition of the surcharges and fees upon her constituted an unreasonable hardship; (3) because the two counts of criminal possession of a controlled substance in the third degree were based upon the same substance encompassed within the two counts of criminal sale of a controlled substance in the third degree, they should be dismissed in the interest of justice; and (4) the evidence adduced at trial did not establish her guilt beyond a reasonable doubt and the verdict was against the weight of the evidence.

In a decision dated December 31, 1998, the Appellate Division, Second Department, modified the judgment of conviction entered against the petitioner to the extent that it ordered all sentences of incarceration imposed by the trial court be served by the petitioner concurrently. *See People v. Smith*, 256 A.D.2d 629, 682 N.Y.S.2d 888 (2d Dept.1998). As modified, the court affirmed the judgment of conviction. *Id.* at 630, 682 N.Y.S.2d 888.

On or about January 12, 1999, the petitioner sought leave to appeal to the New York State Court of Appeals. As part of her application, the petitioner claimed that the sentence imposed upon her constituted cruel and unusual punishment and that the verdict was not based upon proof beyond a reasonable doubt. On June 25, 1999, the Court of Appeals (Levine, J.) denied the petitioner's leave application. *People v.*

*Smith*, 93 N.Y.2d 979, 695 N.Y.S.2d 65, 716 N.E.2d 1110 (1999).

On or about March 2, 1999, the petitioner moved the County Court, Suffolk County, for poor person status and a free copy of the stenographic transcript of the proceedings in the case. Because the petitioner failed to set forth any facts to demonstrate her need for the transcripts and sufficient facts with regard to her financial condition, the County Court, Suffolk County, denied her application in a memorandum dated March 22, 1999.

On or about November 3, 2000, the petitioner filed a motion in the County Court, Suffolk County, seeking to vacate her judgment of conviction pursuant to Criminal Procedure Law ("C.P.L.") § 440.10. In support of her motion, the petitioner claimed that: (1) the verdict was not supported by evidence establishing her guilt beyond a reasonable doubt; (2) the trial court's evidentiary rulings and jury instructions were erroneous; (3) the prosecutor committed *People v. Rosario*, 9 N.Y.2d 286, 213 N.Y.S.2d 448, 173 N.E.2d 881, *rearg. denied*, 9 N.Y.2d 908, 216 N.Y.S.2d 1025, 176 N.E.2d 111, *cert. denied*, 368 U.S. 866, 82 S.Ct. 117, 7 L.Ed.2d 64 (1961)) and *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)) violations; (4) her attorney's conduct constituted ineffective assistance of counsel; and (5) wiretapping was illegally conducted. In an order dated February 2, 2001, the County Court, Suffolk County denied the petitioner's C.P.L. § 440.10 motion in its entirety.

On or about July 17, 2001, pursuant to C.P.L. §§ 450.15 and 460.15, the petitioner moved the Appellate Division, Second Department, for a certificate granting leave to appeal from the order of the County Court, Suffolk county denying her C.P.L. § 440.10 post-conviction motion. In an order dated September 27, 2001, the Appel-

late Division, Second Department denied the petitioner's application for leave to appeal to the Appellate Division, Second Department.

On March 6, 2002, the petitioner submitted the present application for a writ of habeas corpus. Her petition raises two claims: (1) her conviction was obtained by the use of evidence illegally obtained; and (2) she was denied effective assistance of counsel. On March 18, 2002, this Court issued an order directing the respondent to show cause why a writ of habeas corpus should not be issued.

On May 10, 2002, the respondent filed a motion to dismiss the petition on the ground that it is time barred. On March 24, 2002, the petitioner filed papers in opposition to the motion.

## II. DISCUSSION

This petition is brought pursuant to 28 U.S.C. § 2254, and was filed on March 6, 2002, after the April 24, 1996 effective date of the Anti–Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). Accordingly, the provisions of the AEDPA apply to the petitioner's case. *Williams v. Taylor*, 529 U.S. 420, 429, 120 S.Ct. 1479, 1486, 146 L.Ed.2d 435 (2000).

Section 2244(d)(1) provides that when a petitioner is in custody pursuant to a judgment of a state court, the one-year statute of limitations for filing a habeas corpus petition begins running from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Smith's petition does not allege facts that invoke subsection (B) which permits the one-year period to begin running on the date on which a government impediment to the motion is removed; subsection (C) which provides for the limitations period to begin running when the rights asserted by the petitioner were initially recognized by the Supreme Court; or subsection (D) which provides that the limitations period should begin running when the facts supporting the claim could have been discovered through due diligence. Therefore, the timeliness of Smith's petition hinges on whether she filed it within one year of the date on which her judgment of conviction became final.

A prisoner's judgment of conviction becomes final under Section 2254 of the AEDPA when the United States Supreme Court denies the prisoner's petition for a writ of certiorari or the time for seeking such a writ has expired, which is 90 days. *Williams v. Artuz*, 237 F.3d 147, 148 (2d Cir.2001); *Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir.1998). The New York Court of Appeals denied the petitioner's request for leave to appeal the Appellate Division's decision on July 25, 1999. Thus, Smith's conviction became final 90 days later, on September 23, 1999, and the one-year statute of limitations period began running. *See Williams*, 237 F.3d at 148; *Ross*, 150 F.3d at 98.

The limitations period ran for 406 days until November 3, 2000, when the petitioner filed her application with the

County Court, Suffolk County to vacate the judgment of conviction entered against her pursuant to C.P.L. Article 440. However, by that time, the petitioner was past the one-year statute of limitations period by 41 days. Having fully expired, the one-year limitation period could not be revived by her subsequent collateral challenge. The petitioner explains that her delay in filing her appeal was caused by her inability to obtain transcripts. However, given that the petitioner eventually filed her petition without the transcripts, the Court finds her argument without merit. The Court further finds that the petitioner fails to demonstrate any valid reason for the unjustifiable delay or that the equitable tolling applies because of "rare and exceptional circumstances." *Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir.), *cert. denied,* 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000). As such, Smith has exceeded the statute of limitations by 41 days, and her petition must be dismissed as time-barred.

## III. CONCLUSION

Having reviewed the submissions of the parties and based on the foregoing, it is hereby

**ORDERED,** that the petition for a writ of habeas corpus is dismissed as time-barred; and it is further

**ORDERED,** that the Clerk of the Court is directed to close this case.

**SO ORDERED**