Savong **CHHOEUM**

v.

Robert **SHANNON, et al.**

No. 01–CV–5249.

United States District Court,
E.D. Pennsylvania.

Aug. 13, 2002.

Savong Chhoeum, Frackville, PA, pro se.

Thomas W. Dolgenus, Dist. Atty. Office, Philadelphia, PA, for defendant.

### EXPLANATION AND ORDER

ANITA B. BRODY, District Judge.

Savong Chhoeum ("Chhoeum" or "petitioner"), a state prisoner incarcerated in the Mahanoy State Correctional Institution in Frackville, Pennsylvania, filed a *pro se* motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 10, 2001. I referred this petition to United

States Magistrate Judge Peter B. Scuderi on December 5, 2001, in accordance with 28 U.S.C. § 636(b)(1)(B). On February 28, 2002, Judge Scuderi filed a Report and Recommendation ("R & R"), recommending that I deny Chhoeum's petition for a writ of habeas corpus. Petitioner filed his objections to the R & R on April 19, 2002. Respondents did not reply to those objections. For the reasons that follow, I overrule petitioner's objections, adopt the R & R, and deny Chhoeum's petition in its entirety.

*Factual and Procedural Background*

The Report and Recommendation contains a fuller recitation of the facts and procedural history of this case. I, will, however, for the sake of clarity, briefly recount that history here. On September 29, 1993, petitioner was convicted of murder in the first degree, aggravated assault, possessing the instrument of a crime, and criminal conspiracy and was sentenced to a life term on the murder charge and lesser sentences on the remaining charges. Chhoeum did not file a direct appeal of his conviction. A little more than three years later, on December 3, 1996, petitioner filed a *pro se* petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA") 42 Pa. Cons.Stat. Ann. § 9541 *et seq.* After reviewing the file, petitioner's appointed counsel indicated to the PCRA court that he believed petitioner had no meritorious issues to advance before that court. Accordingly, the PCRA court granted counsel's motion to withdraw and dismissed the petition on April 20, 1998. The Superior Court affirmed the dismissal on July 9, 1999. Rather than seeking allocatur in the Pennsylvania Supreme Court, Chhoeum filed a petition for an allowance of appeal *nunc pro tunc*, which that court rejected on April 5, 2000.

Petitioner then filed a second PCRA petition on June 10, 2000. The court dismissed that petition as untimely on July 26, 2000. The Superior Court affirmed that dismissal on September 11, 2001. Rather than petition for appeal in the Pennsylvania Supreme Court, Chhoeum filed his *pro se* petition for a writ of habeas corpus in this court. After reviewing Chhoeum's petition and the respondent's answer to that petition, Judge Scuderi determined that petitioner's habeas petition is time-barred under the provisions of the Anti–Terrorism and Effective Death Penalty Act ("AEDPA"). Though petitioner's objections to the R & R are lengthy, he essential objects to two of Judge Scuderi's findings. Chhoeum contends that Judge Scuderi erred in determining that:

(1) the statute of limitations should be tolled for an additional period of time, pursuant to 28 U.S.C. § 2244(d)(1)(B), because the state created an impediment to his federal habeas petition with its decision in *Commonwealth v. Lantzy,* 558 Pa. 214, 736 A.2d 564 (1999); and

(2) petitioner did not establish the extraordinary circumstances necessary to justify the application of the principles of equitable tolling.

*Standard of Review*

Where a petition for a writ of habeas corpus has been referred to a magistrate judge for a Report and Recommendation, the district court "shall make a de novo determination of those portions of the report ... to which objection is made ... [The Court] may accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate." 28 U.S.C. § 636(b) (2000).

*Discussion*

1. *Judge Scuderi correctly calculated the applicable statute of limitations*

AEDPA established a one-year limitations period for the filing of petitions by

state prisoners, codified at 28 U.S.C. § 2244(d)(1):

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (2000). In *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir.1998), the Third Circuit ruled that petitioners whose state convictions became final prior to the effective date of AEDPA, April 24, 1996, are entitled to a one year "grace period" to file a petition under § 2244(d)(1). AEDPA's one-year limitations period is subject to tolling. Section 2244(d)(2), of AEDPA provides for "statutory tolling" of § 2244(d)(1)'s one-year limitations period in the following circumstance:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any

period of limitation under this subsection.

28 U.S.C. § 2244(d)(2) (2000).

Judge Scuderi applied the principles of statutory tolling and determined that petitioner's one-year limitations period expired on May 19, 2000, rendering the federal petition filed on October 10, 2001 untimely. In reaching this conclusion, Judge Scuderi found that the applicable starting point was after petitioner's conviction and the review period expired in 1993. *See* 28 U.S.C. § 2244(d)(1)(A) (2000). However, because that conviction became final prior to the enactment of AEDPA, the one year limitations period began to run on April 24, 1996, the effective date of the act. *See Burns*, 134 F.3d at 111–12. Chhoeum's first PCRA petition on December 3, 1996, 222 days into that one year period, tolled the statute of limitations as a "properly filed application" for post-conviction relief. That PCRA petition tolled the limitations period until August 8, 1999, the last date which Chhoeum could have appealed the denial of his PCRA petition in the Pennsylvania Supreme Court. *See Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir.2000). Petitioner's application for allowance of appeal *nunc pro tunc*, filed 99 days later, on November 16, 1999, again tolled the statute of limitations until the dismissal of that request on April 5, 2000. *See Nara v. Frank*, 264 F.3d 310, 315–16 (3d Cir.2001). At that point petitioner had 44 days remaining in his one year limitations period, until May 19, 2000, to file his petition for federal habeas corpus relief. He did not file his federal petition until seventeen months after the expiration of the limitations period, on October 10, 2001. Because Chhoeum did not file his second PCRA petition until June 10, 2000—after the expiration of the federal limitations period—Judge Scuderi found it had no impact on statutory tolling.

■ In his objections, Chhoeum contends that Judge Scuderi erred in calculating the one year limitations period. Petitioner contends that the decision of the Pennsylvania Supreme Court in *Commonwealth v. Lantzy*, 558 Pa. 214, 736 A.2d 564 (1999), and the subsequent denial by the Superior Court of his PCRA appeal on July 9, 1999, despite that decision, constitutes an "impediment" to filing an application and warrants tolling from the date of that denial; until the Supreme Court denied his *nunc pro tunc* petition on April 5, 2000. In *Lantzy*, the Pennsylvania Supreme Court held that a petitioner could seek relief under the PCRA for ineffective assistance of counsel for withdrawing an appeal. *See id.* at 572–73. Chhoeum argues that this decision led him to believe he had a remedy for the failure to appeal in the Pennsylvania courts, leading him to file a second PCRA petition. According to Chhoeum, then, this second petition, which under his calculations was filed during the one year federal limitations period, also tolled the statute of limitations until its final dismissal on September 11, 2001, and renders his federal petition timely.

■ Petitioner's argument fails for two reasons. Though the habeas statute does include a provision alluding to "the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed," 28 U.S.C. § 2244(d)(1)(B), that portion of the statute only refers to the date on which a limitations period begins to run. It does not authorize statutory tolling where an impediment arises during a limitations period that is already running. The statute provides for tolling only in cases where a "properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2) (2000). Chhoeum does not argue that he had a such an application pending during this period between the time the Superior Court affirmed the denial of his PCRA petition in July 1999 and the time he filed his application for allowance of appeal *nunc pro tunc* on November 16, 1999. Therefore, even assuming the state created an impediment with its highest court's decision in *Lantzy* or its subsequent treatment of petitioner's second PCRA petition, the limitations period would not be tolled under the statute for this period of time.[1]

■ Moreover, the circumstances petitioner describes do not give rise to an impediment of the type described in 28 U.S.C. § 2244(d)(2) (2000). Such impediment might exist where a prison offers inmates an inadequate law library or where a state court simply refuses to rule on a constitutional issue properly before it. *See Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir.2000) (library issue); *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 405, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001) (O'Connor, J., concurring). Chhoeum seems to indicate that an impediment arose because the Superior Court's decision was incorrect in light of a new decision from the state's highest court. However, he fails to show how the action of the Superior Court, even if improper, barred him from effectively pursuing federal relief. Though his actions may have proved an exercise in futility, nothing impeded petitioner from pursuing his claim either through appeal to the Pennsylvania Supreme Court or by filing his habeas petition in federal court. *See Minter v. Beck*, 230 F.3d 663, 666 (4th Cir.2000)

---

1. The statute of limitations period, however, was tolled from the date of the Superior Court's decision, July 9, 1999, until August 8, 1999, the last date on which petitioner could have appealed that decision to the Pennsylvania Supreme Court. *See Swartz*, 204 F.3d at 424.

(finding that while state law, as it existed, would have made petitioner's efforts futile, it did not impede plaintiff from actually making those efforts). Petitioner's objection is without merit. Judge Scuderi correctly calculated the statute of limitations.

### 2. Chhoeum's case does not warrant application of equitable tolling

The Third Circuit has held that AEDPA's one-year limitations period is not a jurisdictional limitation but a statute of limitations. Therefore, it is also subject to equitable tolling. See Miller v. New Jersey State Department of Corrections, 145 F.3d 616, 618 (3d Cir.1998). Equitable tolling of AEDPA's limitations period is proper:

> only when the principle of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001). A court may equitably toll the statute of limitations where: (1) the state has actively misled the petitioner; (2) some extraordinary thing has prevented petitioner from asserting his rights; or (3) petitioner has asserted his rights in a timely manner, but did so in an improper forum. See Jones v. Morton, 195 F.3d 153, 159 (3d Cir.1999). Though a more relaxed standard applies in capital cases, where a petitioner has not been sentenced to death, things such as mistakes by an attorney,

miscalculation of relevant time periods, and inadequate research, do not constitute "extraordinary circumstances" for purposes of equitable tolling. Fahy, 240 F.3d at 244.

Chhoeum objects to Judge Scuderi's determination that his case does not warrant equitable tolling. In his original habeas petition, petitioner presented four separate reasons why the court should apply principles of equitable tolling: (1) he has evidence of his "actual innocence;" (2) because trial counsel abandoned him prior to direct appeal, he never had meaningful appellate review of his claims; (3) he believed it proper to file a second PCRA petition, rather than a federal habeas petition; and (4) because of the harshness of his sentence. Judge Scuderi rejected each one of these arguments and in his objections, petitioner again raises each one, arguing that equitable tolling is justified.

Judge Scuderi rejected petitioner's argument that the testimony of two witnesses, who did not testify at his trial, establishes his actual innocence, warranting equitable tolling. Judge Scuderi found that even if the Third Circuit recognized an exception to the statute of limitations for "actual innocence" cases, Chhoeum failed to establish a sufficient basis to support his actual innocence claim.[2] Because the evidence presented by petitioner did not make it more likely than not that no reasonable juror could have found him guilty beyond a reasonable doubt, he was not entitled to equitable tolling. See Schlup v. Delo, 513 U.S. 298, 327–28, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). After conducting my own examination of peti-

**2.** On June 12, 2001, the Third Circuit granted a certificate of appealability on the question: "Is there an 'actual innocence' exception to AEDPA's statute of limitations provided in 28 U.S.C. Section 2244(d)(1)?" Hussman v. Vaughn, CV. No. 99–4512, Ct.App. No. 01–1724. To date, no decision has been rendered.

tioner's claim, I find that Judge Scuderi reached the proper conclusion. While the testimony of two eyewitnesses standing fifty feet away from the location of the shooting, identifying someone else as the shooter, may have established inconsistencies with the testimony of the Commonwealth's witnesses, it is not so damaging that no reasonable juror could have voted to convict Chhoeum.[3] Had the testimony of those witnesses been presented, the jury may have still chosen to credit the testimony of other eyewitnesses, who identified petitioner as the shooter. Therefore, petitioner has not presented a sufficient basis to support his actual innocence claim and is not entitled to equitable tolling on this ground.

■ In the R & R, Judge Scuderi also rejected petitioner's claim that he is entitled to equitable tolling because trial counsel abandoned him on direct appeal. Judge Scuderi found that although petitioner did not have a direct appeal filed in his case, the lack of appeal did not give rise to extraordinary circumstances that prevented him from asserting his rights. Chhoeum presented a PCRA petition to a PCRA court and had that decision reviewed by the Superior Court, giving the Pennsylvania courts ample opportunity to engage in meaningful review of his claims. Though petitioner objects to this determination, and again argues that the state created an impediment entitling him to tolling, my independent review of petitioner's claim, leads me to draw the same conclusion as Judge Scuderi. The fact that petitioner's trial counsel never filed a direct appeal simply does not amount to the state actively misleading petitioner,

nor does it give rise to extraordinary circumstances necessary for equitable tolling to apply.

■ Chhoeum also claims the court should toll the statute of limitations because he mistakenly believed he should file a second PCRA petition instead of pursuing his claims in federal court. Judge Scuderi rejected this argument for two reasons. First he noted that the limitations period had already expired when petitioner filed his second PCRA petition. Additionally, Judge Scuderi determined that Chhoeum's mistaken belief about the proper procedure does not justify equitable tolling. Petitioner objects to this finding and argues that the decision of the Pennsylvania Supreme Court in *Commonwealth v. Lantzy*, 558 Pa. 214, 736 A.2d 564 (1999) constituted either an "impediment" or "actively misled the plaintiff." I disagree. To the extent that the *Lantzy* decision may have confused petitioner, there is no basis for believing that the Pennsylvania Supreme Court or any other court designed their opinions to intentionally mislead petitioner and other, similarly situated individuals. Moreover, petitioner had until May 19, 2000 to file his petition for habeas corpus in federal court. He did not file his second PCRA petition until after this date had passed, and therefore, any tolling that subsequent petition may have triggered is irrelevant. Chhoeum's mistaken belief about how to proceed with his claims is not grounds for equitable tolling.

■ Finally, Judge Scuderi rejected petitioner's contention that the harshness of his sentence mandates that the court equi-

---

3. At petitioner's trial, several witnesses testified that they actually saw Chhoeum shoot the victim.

tably toll the statute in order to adjudicate his claims on their merits. Though petitioner relied on *Fahy* to support his claim, both in his reply to the government and objections, that the law requires a more lenient standard of review when a petitioner has received a harsh sentence, Judge Scuderi noted that in that opinion, the Third Circuit expressly limited application of the relaxed rule to capital cases because "death is different." *Fahy*, 240 F.3d at 244. Again, after reviewing this claim, I find that Judge Scuderi's analysis is correct. Petitioner notes in his objections that at least one court has applied *Fahy*'s logic in a non-capital case, where a young petitioner faced life in prison without parole. However, that court considered the gravity of the sentence not in isolation, but in relation to other circumstances that made that case extraordinary. *See Pace v. Vaughn*, 151 F.Supp.2d 586, 594–95 (E.D.Pa.2001) (noting gravity of sentence when permitting equitable tolling because of fundamental unfairness of not tolling while petitioner would not have been able to file a federal petition).[4] While I do not discount the harshness of Chhoeum's sentence, in and of itself, it does not give rise to the extraordinary circumstances that warrant equitable tolling. The statute of limitations on petitioner's claim expired on May 19, 2000. Chhoeum did not file his petition until October 10, 2001. As the

application of equitable tolling is not justified in this case, I must dismiss petitioner's claim as untimely.[5]

## ORDER

**AND NOW**, this day of August 2002, I **ORDER** that:

(1) Petitioner's objections to the Report and Recommendation of Magistrate Judge Peter B. Scuderi are **OVERRULED**;

(2) The Report and Recommendation is **APPROVED** and **ADOPTED** as supplemented by the accompanying memorandum;

(3) The Petition for a Writ of Habeas Corpus is **DENIED** and **DISMISSED** without an evidentiary hearing; and

(4) There is no basis for the issuance of a certificate of appealability.

---

**4.** On a motion for reconsideration, Chief Judge Giles again found that both statutory and equitable tolling applied to the petitioner's claim. In that opinion, the harshness of Pace's sentence was again considered a relevant factor in equitable tolling, but was accompanied by four other reasons, including the uncertainty in the law at the time petitioner would have needed to file his federal habeas petition and that he diligently and reasonably asserted his claims. *See Pace v. Vaughn*, No. CIV.A. 99–6568, 2002 WL 485689 at *12 (E.D.Pa. March 29, 2002).

**5.** In his objections, for the first time petitioner indicates that he did not receive the decision of the Superior Court rendered on July 9, 1999 until September 23, 1999, thereby necessitating that he file his request for allowance of appeal *nunc pro tunc*. Even assuming petitioner is entitled to some additional tolling due to this delay, Chhoeum's petition would still be untimely. Petitioner did not file his federal habeas petition until seventeen months after the statute of limitations expired. A two and a half month delay in receiving a copy of the opinion does not justify the lateness of the federal petition.