

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-9-2004

# Douglas v. Horn

Precedential or Non-Precedential: Precedential

Docket No. 02-2339

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Douglas v. Horn" (2004). *2004 Decisions.* Paper 961.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/961

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF
APPEALS
FOR THE THIRD CIRCUIT

No. 02-2339

ROBERT DOUGLAS,

Appellant

v.

MARTIN HORN, Commissioner,
Pennsylvania Department of
Corrections; DONALD VAUGHN,
Superintendent of the State
Correctional Institution at Graterford

On Appeal from the United States
District Court for the Eastern District
of Pennsylvania
(D.C. Civ. No. 00-4935)
Honorable John R. Padova,
District Judge

Submitted under Third Circuit
LAR 34.1(a) January 12, 2004

BEFORE: BARRY, SMITH, and
GREENBERG, Circuit Judges

(Filed: February 9, 2004)

Matthew Lawry
James J. McHugh, Jr.
Defender Association of Philadelphia
Federal Court Division
The Curtis Center - Suite 545 West
Independence Square West
Philadelphia, PA 19106

Attorneys for Appellant

David Curtis Glebe
Assistant District Attorney
Thomas W. Dolgenos
Chief, Federal Litigation
Ronald Eisenberg
Deputy District Attorney,
Law Division
Arnold H. Gordon
First Assistant District Attorney
Lynne Abraham
District Attorney
1421 Arch Street
Philadelphia, PA 19102-1582

Attorneys for Appellees

OPINION OF THE COURT

GREENBERG, Circuit Judge.

This matter comes on before this court on appeal from an order of the district court dated April 12, 2002, and entered on April 15, 2002, denying the petition of Robert Douglas ("Douglas") for habeas corpus relief under 28 U.S.C. § 2254 on the ground that it was untimely under 28 U.S.C. § 2244(d)(1). The district court had jurisdiction pursuant to 28 U.S.C. § 2254 and we have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(c)(1)(A). Our review

of the order denying the habeas petition as time-barred is plenary. See Johnson v. Hendricks, 314 F.3d 159, 161 (3d Cir. 2002). For the reasons stated herein, we will affirm the district court's order.

## I. BACKGROUND

On April 2, 1982, a jury in the Court of Common Pleas of Philadelphia County, Pennsylvania, found Douglas guilty of conspiracy, aggravated assault, robbery, and possession of an instrument of crime. On July 10, 1984, the trial court sentenced him to a total period of incarceration of 20 to 40 years. Douglas appealed, but the Pennsylvania Superior Court affirmed on December 13, 1985. Douglas did not file a timely petition for allocatur with the Pennsylvania Supreme Court but did file a request for permission to appeal nunc pro tunc which that court denied on October 5, 1987. Thus, the proceedings on his direct appeal were concluded at that time.

On December 16, 1996, Douglas filed a pro se petition for post conviction relief under the Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541 et seq. (West 1998 & West Supp. 2003), in the common pleas court.[1] Douglas's appointed counsel, however,

filed a "no merit" letter with the court which thereafter dismissed Douglas's petition. Douglas again appealed to the Superior Court, but that court affirmed the dismissal on July 15, 1999, partially on the merits and partially for procedural reasons.[2]

Thereafter, Douglas attempted to submit a motion for reconsideration to the Superior Court, but the court's prothonotary returned the motion to him, originally for procedural reasons and then, when Douglas resubmitted it, because it was untimely. When the prothonotary returned it the second time, he informed Douglas in his letter that if Douglas planned to appeal to the Pennsylvania Supreme Court, his petition for allowance of appeal was required to be postmarked by August 16, 1999. Douglas, however, did not meet that deadline but instead, on September 10, 1999, submitted a petition for allowance of appeal nunc pro tunc to prison officials at his place of confinement for mailing to the Pennsylvania Supreme Court. The officials apparently did mail the petition as he requested and it was filed on September 14, 1999. But on January 28, 2000, the Supreme Court denied his request. On February 4, 2000, Douglas moved for reconsideration of the denial, but on June 12, 2000, the

---

[1]The appellees do not contend that this petition was not filed properly under 28 U.S.C. § 2244(d)(2).

[2]We note that the Superior Court indicated in its opinion that the jury found Douglas guilty on March 29, 1982, though he indicates that the correct date was April 2, 1982.

2

court denied this motion. As of that date, then, his state post conviction relief proceedings were exhausted.

On September 29, 2000, Douglas filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the district court. The court referred the petition to a magistrate judge who, on September 28, 2001, recommended that the court deny it as untimely. On April 12, 2002, the district court adopted the magistrate judge's recommendation and denied Douglas's petition as time-barred.

The district court and the magistrate judge made significantly different calculations with respect to the timeliness of the petition, though their conclusion that it was untimely was the same. The difference was that the district court, but not the magistrate judge, assumed that the time for filing the petition had been tolled during the period in which Douglas's petition for allowance of appeal nunc pro tunc and subsequent motion for reconsideration were pending in the post conviction relief proceedings in the Pennsylvania Supreme Court. Nevertheless, the district court would not toll the period between January 28, 2000, when the Supreme Court denied Douglas's petition for allowance of appeal nunc pro tunc, and February 4, 2000, when he moved for reconsideration of the denial.

Under the district court's calculations, Douglas's petition was

almost timely as the court counted 374 untolled days after the effective date of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") before Douglas filed his federal habeas petition on September 29, 2000. As will be seen below, if Douglas had filed his habeas corpus petition within one year of the effective date of that statute (excluding tolled periods), it would have been timely. On the other hand, inasmuch as the magistrate judge did not recommend tolling during the period in which Douglas's petition for allowance of appeal nunc pro tunc and the motion for reconsideration of the order denying the petition were pending, she calculated that Douglas's federal petition was almost nine months late.

Douglas then appealed and we treated his notice of appeal as a request for a certificate of appealability under 28 U.S.C. § 2253(c)(1). On February 25, 2003, we issued a certificate of appealability on the following question:

> Whether the District Court erred by dismissing Appellant's petition for a writ of habeas corpus as time-barred by the one-year period of limitation prescribed in 28 U.S.C. § 2244(d)(1) without statutorily tolling the period of time from September 10, 1999 (the date Appellant's

3

petition for allowance of appeal <u>nunc pro tunc</u> was filed with the Pennsylvania Supreme Court) through June 12, 2000 (the date the Pennsylvania Supreme Court denied Appellant's motion for reconsideration).

A. 35.[3]  Notwithstanding the reference to

the period of September 10, 1999, through June 12, 2000, in our certificate of appealability, in fact, as we have explained, the district court did toll the running of the statute of limitations during that period except for the time between when the Supreme Court denied Douglas's petition for allowance of an appeal <u>nunc pro tunc</u> and when he filed his motion for reconsideration of that denial.  In view of our granting the certificate of appealability, the appeal has gone forward.  <u>See</u> 28 U.S.C. § 2253(c)(1)(A).

---

[3]Douglas moved in this court for an order expanding the scope of the certificate of appealability but on July 21, 2003, we denied his motion. Nevertheless, in our order we invited supplemental briefing based on these observations:

> In conducting its statutory tolling analysis, the District Court ultimately concluded that 374 days lapsed before Appellant filed his federal habeas petition.  We are persuaded that jurists of reason would debate the correctness of this conclusion for the following two reasons.  First, the District Court found that 236 days lapsed before Appellant filed his petition for postconviction relief filed on Monday, December 16, 1996, without extending Appellant the benefit of Pennsylvania's prison

mailbox rule.  <u>See</u> <u>Brown v. Shannon</u>, 322 F.3d 768, 771 n.3 (3d Cir. 2003) (citing <u>Commonwealth v. Jones</u>, 700 A.2d 423, 426 (Pa. 1997)).  Additionally, the District Court declined to statutorily toll the six-day period between January 28, 2000, and February 4, 2000. <u>See</u> <u>Nara v. Frank</u>, 264 F.3d 310, 319 (3d Cir. 2001).

Supp. A. 1-2.  Of course, in view of our result there could not be any tolling during the six-day period as that period was nothing more than a gap in the <u>nunc pro tunc</u> proceedings which themselves did not trigger a tolling period.  As we explain below, we have no need to consider the mailbox rule question.  <u>See</u> <u>infra</u> n.6.

## II. DISCUSSION

The AEDPA established a one-year limitation period for the filing of petitions of habeas corpus by state prisoners which has been codified at 28 U.S.C. § 2244(d)(1) ("section 2244(d)(1)").[4] Douglas's conviction became "final" before the AEDPA came into effect on April 24, 1996, and thus his one-year period for filing a habeas petition began running on that date. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998) (establishing a one-year "grace period" for petitioners whose convictions became "final" before the AEDPA became effective). Accordingly, his petition would have been due by April 23, 1997, absent any tolling of the one-year clock.[5]

The one-year period is, however, not an absolute limit. For example, 28 U.S.C. § 2244(d)(2) ("section 2244(d)(2)"), which is involved here, provides for "statutory tolling" in the following circumstance:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this appeal, Douglas contends that he was entitled to statutory tolling during the entire pendency of his nunc pro tunc petition in his post conviction relief proceedings before the Pennsylvania Supreme Court including the period the district court excluded from tolling after the Supreme Court denied his petition

---

[4]Section 2244(d)(1) provides in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

[5]In Burns v. Morton, we indicated that a petition filed "on or before April 23, 1997, may not be dismissed for failure to comply with § 2244(d)(1)'s time limit." 134 F.3d at 111. Arguably we should have used April 24, 1997, rather than April 23, 1997, as the cut-off date. See Fed. R. Civ. P. 6(d). In these proceedings, however, the one-day discrepancy is not germane.

5

and until he sought reconsideration from that court and the period during which his motion for reconsideration was pending.

We calculate Douglas's one-year "grace period" as follows. The period ran without interruption from April 24, 1996, the effective date of the AEDPA, to December 16, 1996, when Douglas filed his PCRA petition. Thus, without taking a potential four-day tolling under Pennsylvania's prisoner mailbox rule into account, 236 days had run on his clock.[6] His PCRA petition statutorily tolled the limitations period until August 16, 1999, the last date by which he timely could have appealed the denial of his PCRA petition to the Pennsylvania Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 424 (3d Cir. 2000). The clock then ran from August 16, 1999, to December 23, 1999, thereby exhausting the 129 days remaining on his 365-day grace period.

---

[6]Douglas argues that although his PCRA petition was filed on December 16, 1999, according to the mailbox rule it should be deemed to have been filed on December 12, 1996, the day he gave it to prison authorities for filing. Appellees contend that the mailbox rule had not been established under Pennsylvania law at the time that Douglas submitted his PCRA application. We decline to address this issue because under our conclusions, Douglas's petition is untimely regardless of whether he is credited with these four days.

We therefore conclude that Douglas's habeas filing on September 29, 2000, was more than nine months late.

We reject Douglas's contention that the clock should be tolled during the following time-frames: (1) from the filing of his nunc pro tunc petition in the post conviction relief proceedings before the Pennsylvania Supreme Court through the denial of that petition; (2) from the filing of his motion to reconsider the denial of his nunc pro tunc petition through the denial of the motion to reconsider; and (3) during the time gap between the denial of his nunc pro tunc petition and the filing of his motion to reconsider the denial of his nunc pro tunc petition.[7]

We decline to toll any of these time frames because we hold that

---

[7]Douglas also argues for equitable tolling from August 16, 1999 (the last date upon which he timely could have appealed the denial of his PCRA petition to the Pennsylvania Supreme Court) until the date of filing of his nunc pro tunc petition. His position is meritless because he has made no showing of an "extraordinary" circumstance that would allow such tolling. See Miller v. New Jersey State Dept. of Corr., 145 F.3d 616, 618 (3d Cir. 1998) (equitable basis for tolling may be shown "when the petitioner has in some extraordinary way . . . been prevented from asserting his or her rights") (citation and internal quotation marks omitted).

6

Douglas's nunc pro tunc petition was not "properly filed" under the AEDPA. In determining whether a petition is "properly filed," a federal court "must look to state law governing when a petition for collateral relief is properly filed." Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001). We recognized in Brown v. Shannon, 322 F.3d 768 (3d Cir. 2003), that a notice of appeal nunc pro tunc is filed improperly as a matter of state law, noting as follows:

> Pennsylvania law thus did not (and does not) recognize extra-PCRA petitions like Brown's notice of appeal nunc pro tunc. Because such petitions are improperly filed as a matter of state law, it seems doubtful that they may be deemed 'properly filed' within the meaning of § 2244(d)(2) . . . . Permitting petitions not recognized under state law and improperly filed as a matter of state law to toll the limitation period would not seem to promote exhaustion in the manner contemplated by the AEDPA.

Id. at 775 n.5 (citations omitted).[8] Likewise, in Swartz v. Meyers, 204 F.3d at 424 n.6, we noted that we "agree that the time during which Swartz's nunc pro tunc request for allowance of appeal was pending does not toll the statute of limitation."[9] Consistently with these views, we hold herein that Douglas's nunc pro tunc petition was not properly filed, and thus did not toll the clock. By extension, neither Douglas's motion to reconsider the denial of that petition, nor the time between the two filings, constituted grounds for statutory tolling.

We thus reject the district court's determination in Chhoeum v. Shannon, 219 F. Supp. 2d 649, 652 (E.D. Pa. 2002), that the petitioner's application in that case for allowance of appeal nunc pro tunc tolled the statute of

_____

[8]In Brown v. Shannon, we indicated that we were not "address[ing]" certain of the petitioner's contentions but rather merely making "several observations" regarding them because even if we accepted his arguments his petition would have been untimely. 322 F.3d at 774-75.

[9]We recognize that in Swartz our comments with respect to the statute of limitations not being tolled during the time that a nunc pro tunc request for allowance of appeal was pending were not necessary to our result inasmuch as the petitioner's petition for habeas corpus was timely without regard for that period. See Swartz, 204 F.3d at 424-25.

7

limitations until that request had been denied. We note that <u>Nara v. Frank</u>, 264 F.3d 310, 316 (3d Cir. 2001), in which we held that a state-court motion to withdraw a guilty plea <u>nunc pro tunc</u> was "properly filed," and on which the district court relied in <u>Chhoeum</u>, is distinguishable because <u>Nara</u> involved a <u>nunc pro tunc</u> petition that was filed at what reasonably may have been considered the suggestion of the Superior Court and because that motion was denied for substantive reasons, rather than a failure to follow the state's filing rules.[10] <u>See</u> <u>Merritt v. Blaine</u>, 326 F.3d 157, 165-66 & n.6 (3d Cir. 2003) (noting same and holding that because petitioner's second PCRA petition was untimely under state law, it was not "properly filed" for purposes of the AEDPA).[11] We certainly did not intend

that <u>Nara</u> be applied so broadly that by filing a <u>nunc pro tunc</u> petition for leave to appeal a petitioner could obtain further tolling after the time for even discretionary review of a judgment has expired. <u>See</u> <u>Kapral v. United States</u>, 166 F.3d 565, 577 (3d Cir. 1999).

Accordingly, we conclude that Douglas's one-year grace period should not be tolled during the pendency of his <u>nunc pro tunc</u> petition from September 10, 1999, when he submitted it to the prison officials, through June 12, 2000, when the Pennsylvania Supreme Court denied his motion for reconsideration of its denial of his petition for allowance of his appeal <u>nunc pro tunc</u>. Consequently, his petition for habeas corpus was untimely and the district court properly denied it.

### III. CONCLUSION

For the foregoing reasons, we will affirm the order of the district court dated April 12, 2002, and entered April 15, 2002.

---

[10]In <u>Chhoeum</u> the district court cited <u>Swartz</u> but did not mention it for the point in our quotation of that case above.

[11]We reject Douglas's claim that his <u>nunc pro tunc</u> petition should be considered properly filed under <u>Commonwealth v. Hernandez</u>, 817 A.2d 479 (Pa. 2003), which held that a <u>nunc pro tunc</u> petition should not have been dismissed as improper when it was filed prior to the Pennsylvania Supreme Court's decision in <u>Commonwealth v. Lantzy</u>, 736 A.2d 564 (Pa. 1999). <u>Lantzy</u> held that "the PCRA provides the exclusive remedy for post-conviction claims seeking restoration of appellate rights due to counsel's failure to perfect a

direct appeal . . . ." <u>Id</u>. at 570. In our view, <u>Hernandez</u> does not help Douglas here because he filed his <u>nunc pro tunc</u> petition approximately two months after the Supreme Court decided <u>Lantzy</u>. By that time, the window that <u>Hernandez</u> retroactively opened for a pre-<u>Lantzy</u> <u>nunc pro tunc</u> appeal had been closed.