**John Lee BURNS, Petitioner,**

v.

**Theodis BECK, Secretary of the North Carolina Department of Correction, Respondent.**

No. 1:04CV00202.

United States District Court, M.D. North Carolina.

Dec. 17, 2004.

John L. Burns, Bunn, NC, pro se.

Clarence Joe Delforge, III, Department of Justice, Raleigh, NC, for Respondent.

### *JUDGMENT*

BEATY, District Judge.

On November 17, 2004, the United States Magistrate Judge's Recommendation was filed and notice was served on the parties pursuant to 28 U.S.C. § 636. No objections were filed within the time limits prescribed by Section 636.

Therefore, the Court need not make a *de novo* review and the Magistrate Judge's Recommendation is hereby adopted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the petition for habeas corpus (docket no. 2) is denied, that respondent's motion to dismiss (docket no. 6) is granted, and that this action be, and the same hereby is, dismissed, and that finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is denied.

### RECOMMENDATION OF MAGISTRATE JUDGE ELIASON

ELIASON, United States Magistrate Judge.

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 25, 1999, petitioner pled guilty to one count of second-degree rape and one count of second-degree sexual offense which were consolidated for judgment in case 99 CRS 11170 and three additional counts of second degree sexual offense in case 99 CRS 11171. These were not consolidated either with the charges in 99 CRS 11170 or each other. Petitioner was subsequently sentenced to four consecutive 60– to 81–month terms of imprisonment, with judgments being entered on November 1, 1999.

Petitioner did not file any direct appeal of his convictions and sentence. In fact, so far as the record reflects, he filed nothing at all until April 3, 2000, when he filed a motion for the preparation of a stenographic transcript in the Superior Court of Cabarrus County. This was denied on April 12, 2000. Petitioner then filed nothing until 2003, when he filed a motion for appropriate relief dated September 22, 2003. That motion was denied, as were subsequent attempts by petitioner to receive relief in the North Carolina courts. Eventually, he sought habeas relief in this Court by submitting his petition on February 26, 2004.

■ Based on the time line set out above, respondent requests that the claims presented in the habeas petition not be considered on their merits because the petition was filed[1] outside of the one-year limitation period imposed by the Antiter-

rorism and Effective Death Penalty Act of 1996, P.L. 104–132 ("AEDPA"). 28 U.S.C. § 2244(d)(1). The AEDPA amendments apply to all Section 2254 petitions filed after its effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

■ Interpretations of the limitation periods found in 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir.1999). The limitation period starts running from the date when the judgment of conviction became final at the end of direct review. *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir.2000). A petitioner then has only one year in which to file a petition. Petitions filed outside of the one-year period are time-barred.

■ The one-year limitation period is tolled while state post-conviction proceedings are pending. *Harris, supra.* The suspension is for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999), *cert. denied*, 528 U.S. 1197, 120 S.Ct. 1262, 146 L.Ed.2d 117 (2000). However, the tolling does not include the time to file a certiorari petition to the United States Supreme Court from denial of state post-conviction relief. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir.1999), *cert. denied*, 529 U.S. 1099, 120 S.Ct. 1834, 146 L.Ed.2d 777 (2000).

■ The Fourth Circuit, as well as a number of courts, have held that the one-year limitation period is subject to equitable tolling. *Harris, supra; Sandvik*, 177

---

1. A Section 2254 petition is filed by a prisoner when the petition is delivered to prison au-

thorities for mailing. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir.1999).

F.3d at 1271 (collecting cases). Equitable tolling may apply when the defendant has been unable to assert claims because of wrongful conduct of the state or its officers. A second exception is when there are extraordinary circumstances, such as events which were both beyond the prisoner's control and unavoidable even with due diligence. *Harris, supra; Akins v. United States*, 204 F.3d 1086 (11th Cir.), *cert. denied*, 531 U.S. 971, 121 S.Ct. 410, 148 L.Ed.2d 316 (2000). Circumstances are beyond a prisoner's control if he has been prevented in some extraordinary way from exercising his rights. *See Smith v. McGinnis*, 208 F.3d 13 (2d Cir.), *cert. denied*, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000). This might occur where a prisoner is actively misled or otherwise prevented in some extraordinary way from exercising his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000). On the other hand, unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling. *Harris, supra; Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 528 U.S. 1007, 120 S.Ct. 504, 145 L.Ed.2d 389 (1999). Likewise, mistake of counsel does not serve as a ground for equitable tolling. *Taliani v. Chrans*, 189 F.3d 597 (7th Cir.1999); *Sandvik*, 177 F.3d 1269. Nor are prison conditions, such as lockdowns or misplacement of legal papers, normally grounds for equitable tolling. *Akins*, 204 F.3d 1086. Finally, in order to show diligence, the prisoner must show diligence not merely at the federal level, but throughout the entire post-conviction process in order to have equitable tolling available to him. *Coleman*, 184 F.3d at 402.

▮ Here, petitioner did not directly appeal his convictions. Therefore, his convictions became final, at the earliest, on the date the judgments in his cases were entered and, at the latest, ten days later when the time for filing a notice of appeal expired. *See* N.C.R. of App. P., Rule 4(a). The judgments in his case were entered on November 1, 1999, meaning that his one year time period began to run, at the latest, on November 11, 1999. That time period expired one year later with petitioner having failed to file his habeas petition or any motion for collateral relief which would toll the running of the time.

▮ It is true that petitioner did file a motion for a stenographic transcript. However, this is not a motion for collateral relief. *May v. Workman*, 339 F.3d. 1236, 1237 (10th Cir.2003). Even if it were somehow construed to be such a motion, it was denied a few days later and so any tolling effect would be brief. Petitioner allowed nearly four years to pass before filing his first motion seeking post-conviction review in the state courts. By that time, the AEDPA period of limitations had long expired and could not be revived by his motion for appropriate relief or any subsequent motions. *Minter v. Beck*, 230 F.3d 663 (4th Cir.2000). Finally, petitioner has raised no possible grounds for equitable tolling. In fact, despite being informed by the Court of the need for him to do so, he has made no meaningful response to respondent's motion to have the case dismissed for being time-barred. Respondent's motion should be granted.

**IT IS THEREFORE RECOMMENDED** that the petition for habeas corpus (docket no. 2) be denied, that respondent's motion to dismiss (docket no. 6) be granted, and that Judgment be entered dismissing this action.

November 17, 2004.