**Philip Walker ROSATI, aka Mike Trask, aka Phil Campbell, aka Phil Contrell, aka Philip Dimpero, aka Philip Walker, aka Terry Sanders, Petitioner,**

v.

**Warden KERNAN, Mule Creek State Prison, Respondent.**

**No. CV 05–0195–R(RC).**

United States District Court, C.D. California.

Jan. 4, 2006.

The petitioner is appearing pro se.

Robert M. Snider, Deputy Attorney General, Office of Attorney General of the State of California, Los Angeles, CA, for the respondent.

## ORDER ADOPTING FINAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

REAL, District Judge.

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the Petition and other papers along with the attached Final Report and Recommendation of United States Magistrate Judge Rosalyn M. Chapman, and has made a *de novo* determination.

IT IS ORDERED that (1) the Final Report and Recommendation is approved and adopted; (2) the Final Report and Recommendation is adopted as the findings of fact and conclusions of law herein; and (3) Judgment shall be entered dismissing the habeas corpus petition and action as untimely.

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order, the Magistrate Judge's Final Report and Rec-ommendation and Judgment by the United States mail on the parties.

## JUDGMENT

IT IS ADJUDGED that the Petition for Writ of Habeas Corpus and the action are dismissed as untimely.

## FINAL REPORT AND RECOMMEN-DATION OF A UNITED STATES MAGISTRATE JUDGE

CHAPMAN, United States Magistrate Judge.

This Final Report and Recommendation is submitted to the Honorable Manuel L. Real, United States District Judge, by Magistrate Judge Rosalyn M. Chapman, pursuant to the provisions of 28 U.S.C. § 636 and General Order 01–13 of the United States District Court for the Central District of California.

## BACKGROUND

### I

On August 7, 2000, in Los Angeles County Superior Court case no. SA028881, a jury convicted petitioner Philip Walker Rosati, aka Mike Trask, aka Phil Campbell, aka Phil Contrell, aka Philip Dimpero, aka Philip Walker, aka Terry Sanders, of one count of first degree murder in violation of California Penal Code ("P.C.") § 187(a), but did not find that the murder was carried out for financial gain within the meaning of P.C. § 190.2(a)(1), and a bifurcated proceeding, the trial court found petitioner had suffered two prior serious felony convictions within the meaning of P.C. § 667(a)(1) and two prior "strikes" within the meaning of California's Three Strikes law, P.C. §§ 667(a)-(i) and 1170.12(a)-(d). Clerk's Transcript ("CT") 2582–85, 3510–12. Petitioner was sentenced to the aggregate term of 80

years to life under the Three Strikes law. CT 3510–12, 3531–32.

Petitioner appealed his conviction to the California Court of Appeal, which affirmed the judgment in an unpublished opinion filed July 31, 2002. Lodgment, nos. 2–3. On September 6, 2002, petitioner filed a petition for review, which was denied on October 16, 2002.[1] Motion to Dismiss ("Motion"), Exh. F.

■ Subsequently, petitioner filed various motions and applications in the state and federal courts seeking to obtain free copies of various transcripts to assist him in collateral review, and those requests were uniformly denied. *See* Motion, Exhs. G–L. However, on August 19, 2004,[2] petitioner filed his first state habeas corpus petition challenging his conviction and sentence in the Los Angeles County Superior Court, which denied the petition on September 3, 2004, with citation to *In re Clark*, 5 Cal.4th 750, 765, 21 Cal.Rptr.2d 509, 855 P.2d 729 (1993). Motion, Exh. M. On October 6, 2004, petitioner filed a habeas corpus petition challenging his conviction and sentence in the California Court of Appeal, which was denied on October 14, 2004. *Id.*, Exhs. N–O. And finally, on October 29, 2004, petitioner filed a petition for review in the California Supreme Court, which was denied on December 1, 2004. *Id.*, Exh. P.

## II

While his conviction was on appeal, petitioner filed his first federal habeas corpus application: *Rosati v. Roe*, case no. CV 02–0946–HLH(RC) ("Rosati I"), which was dismissed without prejudice on February 4, 2002, due to the pendency of petitioner's appeal in the California Court of Appeal and petitioner's failure to exhaust his state court remedies. Petitioner's second federal habeas corpus application, *Rosati v. Knowles*, case no. CV 03–7392–R(RC) ("Rosati II"), was dismissed on January 16, 2004, for lack of subject matter jurisdiction due to petitioner's failure to raise a cognizable claim. Motion, Exh. K. Petitioner attempted to appeal the dismissal of Rosati II; however, both this Court and the Ninth Circuit Court of Appeals denied petitioner's request for a certificate of appealability.

On December 18, 2004, petitioner filed the pending petition for writ of habeas corpus challenging his conviction and sentence on multiple grounds, and on July 18, 2005, respondent filed a motion to dismiss the petition, arguing it is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"). Petitioner did not timely file an opposition to the motion to dismiss; however, he filed an opposition (denominated "response") on November 22, 2005.[3]

---

**1.** Prior to petitioner's conviction becoming final, petitioner filed at least twelve petitions for writ of mandate and/or prohibition in the California Court of Appeal, and at least eleven petitions for review in the California Supreme Court. However, these petitions have no bearing on the timeliness of the pending federal habeas corpus petition. *Geraci v. Senkowski*, 211 F.3d 6, 9 (2d Cir.), *cert. denied*, 531 U.S. 1018, 121 S.Ct. 581, 148 L.Ed.2d 497 (2000).

**2.** "Under the 'prison mailbox rule' ... a prisoner's ... habeas petition is deemed filed when he hands it over to prison authorities for mailing in the district court." *Huizar v.*

*Carey*, 273 F.3d 1220, 1222 (9th Cir.2001) (citation omitted); *Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L.Ed.2d 245 (1988). The "[mailbox] rule applies to prisoners filing habeas petitions in both federal and state courts." *Huizar*, 273 F.3d at 1223; *Anthony v. Cambra*, 236 F.3d 568, 574–75 (9th Cir.2000), *cert. denied*, 533 U.S. 941, 121 S.Ct. 2576, 150 L.Ed.2d 739 (2001).

**3.** Since petitioner's opposition was received by the Court after the initial Report and Recommendation was filed on November 23, 2005, this Final Report and Recommendation reflects the Court's consideration of petitioner's opposition.

## DISCUSSION

The AEDPA worked substantial changes to the law of habeas corpus. *Moore v. Calderon*, 108 F.3d 261, 263 (9th Cir.), *cert. denied*, 521 U.S. 1111, 117 S.Ct. 2497, 138 L.Ed.2d 1003 (1997). Of specific importance to petitioner's claims are the revisions made to 28 U.S.C. § 2244(d), which now provides:

(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

. . .

\* \* \* \* \* \*

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The California Supreme Court denied petitioner's request for review on October 16, 2002. Following the denial of review by the California Supreme Court, a state prisoner has the option of seeking a writ of certiorari from the United States Supreme Court. 28 U.S.C. § 1257. Review by certiorari must be sought within ninety days after denial of the petition for review by the highest state court. 28 U.S.C. § 2101(d); Rules of the Supreme Court of the United States, Rule 13. If the petitioner does not seek certiorari in the Supreme Court, the direct review process is over at the end of the ninety days. *Whalem/Hunt v. Early*, 233 F.3d 1146, 1147 (9th Cir.2000) (en banc); *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir.1999). Thus, for petitioner, the AEDPA's statute of limitations began to run on January 15, 2003, and expired on January 14, 2004, one year from when his state court decision became final. *Ibid.* Here, the instant action was not filed until December 18, 2004—almost one year after the statute of limitations had run.

However, this Court must consider whether the statute of limitations was tolled while petitioner's applications for collateral relief were pending. Here, petitioner is not entitled to any statutory tolling. Petitioner's "various motions for transcripts and petitions for writs of mandamus [and review] relating to those motions" did not toll the limitations period. *May v. Workman*, 339 F.3d 1236, 1237 (10th Cir.2003); *see also Burns v. Beck*, 349 F.Supp.2d 971, 974 (M.D.N.C.2004) (motion for stenographic transcript is not motion for collateral relief under AEDPA; thus, statute of limitations was not tolled). Moreover, petitioner did not file his first habeas corpus petition until August 19, 2004, some seven months after the statute of limitations expired; therefore, neither it, nor his subsequent state habeas corpus petitions, served to toll or revive the expired limitations period. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir.2001), *cert. denied*, 538 U.S. 949, 123 S.Ct. 1627, 155 L.Ed.2d 492 (2003); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir.2000).

Further, the filing of petitioner's federal habeas corpus petitions, Rosati I and Rosati II, did not statutorily toll the AEDPA's statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 181–82, 121 S.Ct.

2120, 2129, 150 L.Ed.2d 251 (2001); *Jiminez,* 276 F.3d at 482.

 Finally, there is no basis for this Court to equitably toll the AEDPA's statute of limitations. A habeas petitioner is entitled to equitable tolling "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir.1999) (citation and internal quotation marks omitted); *Shannon v. Newland,* 410 F.3d 1083, 1089–90 (9th Cir.2005); *see also Miller v. New Jersey State Dept. of Corrections,* 145 F.3d 616, 618 (3d Cir.1998) (holding "equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' Generally, this will occur when the petitioner has 'in some extraordinary way ... been prevented from asserting his or her rights.' The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' Mere excusable neglect is not sufficient."). The petitioner bears the burden of proving he is entitled to equitable tolling of the statute of limitations. *Gaston v. Palmer,* 417 F.3d 1030, 1034 (9th Cir.2005); *Spitsyn v. Moore,* 345 F.3d 796, 799 (9th Cir.2003). "[T]he prisoner must show that the 'extraordinary circumstances' were the but-for and proximate causes of his untimeliness." *Spitsyn,* 345 F.3d at 799 (citations and internal quotation marks omitted).

 Here, the equitable tolling claims petitioner raises in his habeas corpus petition, *see* Petition at 656–85, do not establish "extraordinary circumstances" preventing petitioner from timely filing his federal habeas petition. First, petitioner's complaints about limited access to the law library and legal materials at various state prisons and occasional prison lockdowns do not warrant equitable tolling since petitioner has not shown any causal connection between these events and his failure to timely file his habeas corpus petition. *Spitsyn,* 345 F.3d at 799; *see also Baker v. Norris,* 321 F.3d 769, 771 (8th Cir.) (prison policy limiting inmates to two hours in prison library and requiring them to sign up in advance did not warrant equitable tolling), *cert. denied,* 539 U.S. 918, 123 S.Ct. 2283, 156 L.Ed.2d 135 (2003); *Corrigan v. Barbery,* 371 F.Supp.2d 325, 330 (W.D.N.Y.2005) ("In general, the difficulties attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances."); *United States ex rel. Ford v. Page,* 132 F.Supp.2d 1112, 1116 (N.D.Ill.2001) ("[T]hat a prison was sometimes on lock-down, preventing access to the prison law library, does not establish 'extraordinary circumstances' justifying equitable tolling.").

Second, plaintiff is not entitled to equitable tolling because of allegedly missing transcripts. Petitioner concedes he received his trial transcripts and papers before the statute of limitations commenced to run, Petition at 657–58,[4] and petitioner has not explained how the lack of the additional transcripts he desired prevented him from timely filing his federal habeas corpus petition.[5] *Spitsyn,* 345 F.3d at 799; *see also Lloyd v. Van Natta,* 296 F.3d 630,

---

**4.** These documents included over 12,000 pages of Reporter's Transcripts. Petition at 663–64, 681.

**5.** Indeed, petitioner was able to file the pending habeas corpus petition even though he concedes he has still not obtained the transcripts he seeks. Petition at 668; *see Smith v. Lord,* 230 F.Supp.2d 288, 292 (E.D.N.Y.2002) (Petitioner's alleged inability to obtain transcripts did not warrant equitable tolling "given that the petitioner eventually filed her petition without the transcripts....").

633–34 (7th Cir.2002) (per curiam) (Petitioner not entitled to equitable tolling due to lack of trial transcript where petitioner "was present at trial and knew the basis on which he could have asserted [his habeas claims]."), *cert. denied,* 537 U.S. 1121, 123 S.Ct. 856, 154 L.Ed.2d 802 (2003); *Jihad v. Hvass,* 267 F.3d 803, 806 (8th Cir.2001) ("[L]ack of access to a trial transcript does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling.").

Third, petitioner's conclusory claim that he has hepatitis C, which allegedly sometimes limits his ability to work, Petition at 678, falls far short of demonstrating petitioner's entitlement to equitable tolling. *Gaston,* 417 F.3d at 1034–35; *Rouse v. Lee,* 339 F.3d 238, 248 (4th Cir.2003) (en banc), *cert. denied,* 541 U.S. 905, 124 S.Ct. 1605, 158 L.Ed.2d 248 (2004). Similarly, petitioner's claim that "his mother . . . died on December 13, 2003, which left him depressed for a few weeks[,]" Petition at 878, does not explain why the pending petition was filed more than a year late and, thus, provides no basis for equitable tolling. *Gaston,* 417 F.3d at 1034–35; *see also Lawrence v. Florida,* 421 F.3d 1221, 1226–27 (11th Cir.2005) (Petitioner not entitled

to equitable tolling when he "cannot establish a causal connection between his alleged mental incapacity and his ability to file a timely petition.").

Finally, petitioner complains he was deprived of access to some of his legal materials for the following periods of time: (1) while he was in administrative segregation from January 15 to March 9, 2003, Petition at 657–63; (2) while he was being transferred to another prison on March 9, 2003, and until two weeks later, Petition at 663; (3) while he was in administrative segregation from June 6, 2003, and continuing for two weeks, Petition at 666, 670; and (4) for "almost two months" following a prison transfer on August 28, 2003. Petition at 683 & Exh. N at 50. Assuming petitioner is entitled to equitable tolling for the foregoing time periods, *see Spitsyn,* 345 F.3d at 801 ("[E]quitable tolling may be appropriate where a prisoner ha[s] been denied access to his legal files."), petitioner still has not timely filed his habeas petition. Rather, equitably tolling the statute of limitations from January 15 through March 23, 2003,[6] June 6 through June 20, 2003, and August 28 through October 28, 2003, merely extends the statute of limitations to June 18, 2004. However, petitioner did

---

6. Because the Court assumes, for purposes of this opinion only, that petitioner is entitled to equitable tolling from January 15 through March 23, 2003, the Court need not determine whether an "impediment" under Section 2244(d)(1)(B) existed for this period of .ime. "In order to invoke § 2244(d)(1)(B), the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell,* 334 F.3d 433, 436 (5th Cir.2003). However, as discussed above, that petitioner did not possess every legal document he desired does not constitute an "impediment," and petitioner has not shown his limited law library access constituted an "impediment" to his timely filing. *See,* e.g., *Lloyd,* 296 F.3d at 633 ("[T]he plain language of the statute makes

clear that whatever constitutes an impediment must *prevent* a prisoner from filing his petition."); *Dunker v. Bissonnette,* 154 F.Supp.2d 95, 105 (D.Mass.2001) ("Section 2244(d)(1)(B) requires a causal relationship between the unconstitutional state action and being prevented from filing the petition."). Further, Section 2244(d)(1)(B) does not apply to any "impediment" arising after the statute of limitations began to run. *See Chhoeum v. Shannon,* 219 F.Supp.2d 649, 653 (E.D.Pa. 2002) (Section 2244(d)(1)(B) "only refers to the date on which a limitation period begins to run. It does not authorize statutory tolling where an impediment arises during a limitations period that is already running."), *overruled on other grounds, Douglas v. Horn,* 359 F.3d 257 (3d Cir.2004).

not file his federal habeas petition by that date. Therefore, the pending habeas corpus petition is untimely.

## RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Final Report and Recommendation; (2) adopting the Final Report and Recommendation as the findings of fact and conclusions of law herein; and (3) entering Judgment dismissing the petition and action as untimely.

December 22, 2005.